[No. 22735-5-II.   Division Two.   April 23, 1999.]
THE STATE OF WASHINGTON, *Respondent*, v. THOMAS H. AARON, *Appellant*.

*Thomas Edward Doyle* and *Robert Mason Quillian*, for appellant (appointed counsel for appeal).

*Gary P. Burleson, Prosecuting Attorney*, and *Robert Dean Sauerlender, Deputy*, for respondent.

ARMSTRONG, J. — Thomas H. Aaron pleaded guilty to two counts of child molestation. At sentencing, the court advised Aaron that he *could* be put on community placement after serving time in prison. But the court did not advise Aaron that community placement was mandatory. Aaron later moved to set aside his plea, arguing that the State breached its plea agreement to recommend a special sex offender sentencing alternative (SSOSA); Aaron did not argue that the State failed to advise him of mandatory community placement as an additional ground. Aaron appeals the denial of that motion, contending for the first time that the failure to advise him of mandatory community placement violated his due process rights. Aaron also argues that his trial counsel was ineffective for failing to raise the mandatory community placement issue before the trial court. We hold that Aaron has not demonstrated a manifest error affecting a constitutional right; further Aaron has not shown that any deficiencies in counsel's performance prejudiced him. Accordingly, we affirm.

## PROCEDURE

On November 12, 1996, Aaron pleaded guilty to two

counts of child molestation in the first degree.[1] Aaron signed a "Statement of Defendant on Plea of Guilty" setting forth the facts of his crimes and acknowledging the "consequences" of his guilty plea. Several of the standard sections of this document were crossed out, among them the following:

> In addition to confinement, the judge will sentence me to community placement for at least 1 year. During the period of community placement, I will be under the supervision of the Department of Corrections, and I will have restrictions placed on my activities. (If not applicable, this paragraph should be stricken and initialed by the defendant and the judge.)[2]

During the hearing on the plea, the court asked Aaron: "In addition to jail time, or prison time and a fine, the court can also order that you be placed on a period of community placement following any time that you spend in prison. Do you understand that?" Aaron replied, "Yes I do."

Originally, the State had agreed to recommend a special sex offender sentencing alternative.[3] But at Aaron's sentencing on February 13, 1997, the State, because of information revealed by the presentence report, recommended a top range sentence. The trial court sentenced Aaron to the high end of the standard range. On November 20, Aaron moved to withdraw his guilty plea, arguing that the State had breached its plea agreement to recommend a

---

[1]RCW 9A.44.083.

[2]The paragraph was crossed out, but was not initialed by either the trial judge or the defendant.

[3]RCW 9.94A.120(8) provides in part:

> When an offender is convicted of a sex offense other than a violation of RCW 9A.44.050 or a sex offense that is also a serious violent offense and has no prior convictions for a sex offense or any other felony sex offenses in this or any other state, the sentencing court, on its own motion or the motion of the state or the defendant, may order an examination to determine whether the defendant is amenable to treatment.

RCW 9.94A.120(8)(a)(i). If the court determines the offender would benefit from a treatment disposition, the court may order treatment instead of prison.

SSOSA. Aaron did not argue that his plea was involuntary because he had not been advised that community placement was mandatory. And Aaron never represented to the trial court that he would not have pleaded guilty if he had been advised of the mandatory community placement.

Aaron now contends that he is entitled to withdraw his guilty plea because he was "inadequately informed before entering his plea that community placement and community custody were mandatory conditions of his sentence." Aaron also contends that he received ineffective assistance because his trial counsel failed to argue this issue either prior to sentencing or in the postsentence motion to withdraw Aaron's plea of guilty.

## ANALYSIS

Community Placement

Withdrawal of a guilty plea is permitted to correct a manifest injustice. CrR 4.2(f); *State v. Ross*, 129 Wn.2d 279, 283, 916 P.2d 405 (1996). An involuntary plea is such an injustice. *Id.* at 284 (citation omitted). "Due process requires an affirmative showing that a defendant entered a guilty plea intelligently and voluntarily." *Id.* (citations omitted). Further, CrR 4.2(d) requires that a defendant understand the consequences of his plea. *Id.* The State bears the burden of proving the validity of a guilty plea. *Id.* at 287. And mandatory community placement is a direct consequence of a guilty plea; accordingly the record must show that the defendant was advised of community placement. *Id.* at 284, 288.

Here, Aaron was not told at the time he pleaded that community placement was mandatory. Rather, he was told that the trial judge "can" impose community placement. We have held that advising a defendant he "may" be sentenced to community placement is insufficient. *State v. Rawson*, 94 Wn. App. 293, 971 P.2d 578 (1999). Thus the record is insufficient to show that Aaron was advised that community placement was required. But the State argues

that Aaron can not raise the argument for the first time on appeal.

■ Generally, we will not consider an argument not made to the trial court. RAP 2.5. One exception is for a manifest error that affects constitutional rights. RAP 2.5(a). As the court explained in *State v. McFarland*, 127 Wn.2d 322, 899 P.2d 1251 (1995):

> The defendant must identify a constitutional error and show how, in the context of the trial, the alleged error actually affected the defendant's rights; it is this showing of actual prejudice that makes the error "manifest," allowing appellate review. If the facts necessary to adjudicate the claimed error are not in the record on appeal, no actual prejudice is shown and the error is not manifest.

*McFarland*, 127 Wn.2d at 333 (citation omitted). And the defendant bears the burden of proving "manifest" constitutional error. *State v. Oseguera Acevedo*, 137 Wn.2d 179, 193-94, 970 P.2d 299 (1999).

■ In *Oseguera Acevedo*, the trial court explained to the defendant:

> "[D]o you understand that when you get out of prison you would be supervised by the Department of Corrections if you remain in the country, and you would have to do what the Department of Corrections tells you. Do you understand that?"

*Oseguera Acevedo*, 137 Wn.2d at 186. Acevedo later moved to withdraw his guilty plea, but not on the grounds that he had been insufficiently advised of the community placement requirement. *Oseguera Acevedo*, 137 Wn.2d at 187-88.

The Supreme Court held that because Oseguera Acevedo would most likely be deported following his prison term and would not serve community placement, the community placement was not a "direct consequence" of his plea. *Oseguera Acevedo*, 137 Wn.2d at 196. But in discussing manifest error, the court cited *State v. Ross*, and discussed the significance of the defendant's assertion that he would

not have pleaded guilty if he had known that community placement was mandatory:

> [T]he apparent significance attributed by this court to the defendant's assertion that he would not have entered the plea if he had known of the community placement requirement suggests in that case the term of community placement was a "material" factor in the defendant's decision to enter a plea of guilty. In this case, unlike the situation in *Ross*, there is no indication the term of community placement was "material" or relevant to the decision by Respondent Oseguera to plead guilty.

*Oseguera Acevedo*, 137 Wn.2d at 194 (citing *Ross*, 129 Wn.2d at 284).

We have discerned a two-part threshold test from *Oseguera Acevedo*: "Did the plea form omit the community placement warning and did the defendant state that he would not have agreed to plead 'guilty' if he had been informed of that requirement?" *Rawson*, 94 Wn. App. at 296-97 (citing *Oseguera Acevedo*, 137 Wn.2d at 202-03).

Here, Aaron meets the first part but fails to meet the second. Aaron pleaded guilty on November 12 1996. He was sentenced on February 13, 1997, when the community placement portion of the sentence was imposed. Aaron did not move to set aside his guilty plea until November 1997—nine months after community placement was imposed. Yet, even then Aaron did not say that he would not have pleaded guilty if he had been advised of the mandatory community placement. In fact Aaron never represented to the trial court that community placement was a factor in his decision to plead. Rather, the decision, so far as the record shows, turned upon the availability of SSOSA. In conclusion, nothing in the record suggests that community placement was material or relevant to Aaron's decision to plead guilty. *Oseguera Acevedo*, 137 Wn.2d at 194.

### Ineffective Assistance

Aaron further contends that his counsel was inef-

fective for failing to raise the community placement issue before the superior court. To show ineffective assistance of counsel, the defendant must show that counsel's performance was deficient, and that such deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). And to show prejudice, " '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *State v. Lord*, 117 Wn.2d 829, 883-84, 822 P.2d 177 (1991) (quoting *Strickland*, 466 U.S. at 697) (alteration in original). Moreover, because the defendant must prove both ineffective assistance and resulting prejudice, a lack of prejudice will resolve the issue without requiring an evaluation of counsel's performance. *Lord*, 117 Wn.2d at 884.

Aaron has not established prejudice. To demonstrate prejudice, Aaron must show that the community placement issue was a substantial motive in or relevant to his decision to plead. Otherwise the faulty advice as to the mandatory nature of community placement would not have been grounds to set aside the plea. But as we have discussed, the record contains no hint that Aaron's plea was motivated by the community placement issue. Thus, he has not shown prejudice.

Affirmed.

BRIDGEWATER, C.J., and SEINFELD, J., concur.

Review denied at 139 Wn.2d 1002 (1999).