[No. 33290-2-I.    Division One.    July 11, 1994.]

*In the Matter of the Personal Restraint of* DARNELL WEBSTER, *Petitioner.*

*Darnell Webster*, pro se.

*Christine O. Gregoire, Attorney General*, and *Talis Abolins, Assistant*, for respondent.

█ PER CURIAM. — Petitioner Darnell Webster has filed a petition seeking an order directing the Department of Corrections (DOC) to adjust the term of confinement on his conviction for two counts of second degree burglary and one count of taking a motor vehicle without owner's permission under King County cause 88-1-03674-4. To successfully challenge the action of the DOC, Webster must establish that he is presently under unlawful restraint. RAP 16.4; *In re Cashaw*, 123 Wn.2d 138, 866 P.2d 8 (1994). Bare assertions and conclusory allegations are not sufficient to command judicial consideration and discussion in a personal restraint proceeding. *In re Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086, *cert. denied*, 506 U.S. 958, 121 L. Ed. 2d 344, 113 S. Ct. 421 (1992).

On September 12, 1989, Webster was found guilty, by plea, of two counts of second degree burglary and one count of taking a motor vehicle without permission. Webster committed the current Sentencing Reform Act of 1981 (SRA) offenses while on parole for a pre-SRA conviction for three counts of burglary in the second degree. At sentencing on October 26, 1989, Webster received standard range sentences: 50 months on the two burglary charges, and 12 months on the charge of taking a motor vehicle without permission. The sentences on all three counts were to be served concurrently.

In light of the recent SRA conviction, the Indeterminate Sentence Review Board revoked Webster's parole on his pre-SRA burglary conviction on December 12, 1989. The Board set the new minimum term at 36 months. Webster was paroled from his new minimum term on August 21, 1992, at which point he commenced serving his determinate sentence on the SRA conviction. DOC determined that the SRA offenses must be served consecutively to the pre-SRA offenses.

Webster contends the DOC was without authority to rewrite or otherwise alter the judgment and sentence entered on his SRA conviction for two counts of second degree burglary and one count of taking a motor vehicle without permission. He relies on section 4.2 of the Judgment and Sentence, which reads in pertinent part:

CONFINEMENT OVER ONE YEAR: Defendant is sentenced to a term of total confinement in the custody of the Department of Corrections as follows commencing (date): Immediately

Webster argues that, by inserting the handwritten word "immediately" in the space provided in the Judgment for the commencement date of the sentence on the SRA charges in cause 88-1-03674-4, the court in essence ordered the sentence on the current conviction and the new minimum term on the pre-SRA burglary conviction to run concurrently rather than consecutively. DOC appears to agree but asserts the judgment and sentence thus violates RCW 9.94A.400(2), which provides:

Whenever a person while under sentence of felony commits another felony and is sentenced to another term of confinment, the latter term shall not begin until expiration of all prior terms.

Neither party is correct. The word "immediately" in the context of section 4.2 of the Judgment and Sentence should not be given such a narrow and literal construction. This section does not govern whether sentences are to be served concurrently or consecutively. There are two other sections in the Judgment and Sentence that deal specifically with matters involving sentencing sequences.

■ Viewed in the proper context, use of the word "immediately" in the Judgment and Sentence does not, in and of itself, dictate the sentencing sequence of multiple current and prior felony convictions, but instead is merely a pronouncement by the court that the penalty imposed upon the Defendant should begin without delay. "Immediately" in this setting means as soon as legally possible. To hold otherwise would impose an unreasonable burden on sentencing courts.[1] Courts

---

[1] Judgments are to be interpreted in the same manner as statutes. *Leavy, Taber, Schultz & Bergdahl v. Metropolitan Life Ins. Co.*, 20 Wn. App. 503, 505, 581 P.2d

are often required to sentence a defendant who is out on parole with little or no knowledge of whether his or her parole might later be revoked.

Here, for example, Webster had already been sentenced on the SRA conviction when the DOC decided to revoke his parole on the pre-SRA burglary conviction. Courts may wish to have a defendant begin serving his or her sentence on a current conviction "immediately" without also intending that sentence to run concurrently with any subsequent parole revocation confinement. It is unreasonable to expect courts to speculate on the final results of possible future parole revocation hearings. Webster has therefore not established that DOC acted contrary to law and the wishes of the sentencing judge by determining the offenses would run consecutively. Accordingly, Webster has not stated grounds upon which relief may be granted in a personal restraint petition.

The petition is denied.

167 (1978) (quoting *Callan v. Callan,* 2 Wn. App. 446, 448-49, 468 P.2d 456 (1970)). In construing a statute, "[u]nlikely, absurd or strained consequences resulting from a literal reading should be avoided." *State v. McDougal,* 120 Wn.2d 334, 350, 841 P.2d 1232 (1992).