9 P.3d 206 (2000)
141 Wash.2d 687
In the Matter of the Personal Restraint of David GREENING, Petitioner.
No. 68559-2.
Supreme Court of Washington, En Banc.
Argued May 19, 2000.
Decided September 21, 2000.
*207 David L. Greening, Walla Walla, pro se.
Sheryl Gordon McCloud, Seattle, for Petitioner.
John Ladenburg, Pierce County Prosecutor, John Christopher Hillman, Deputy Pierce County Prosecutor, Tacoma, for Respondent.
BRIDGE, J.
The only contested issues in this case are procedural. Both parties agree that, on the merits, nearly one-third of David Greening's 18 ¼ year sentence was unlawfully imposed. Specifically, his firearm enhancements were to run consecutively to each other, contrary to former RCW 9.94A.310(3)(e) (Laws of 1995, ch. 129, § 2), as subsequently construed *208 by this court. Greening's attempt to raise this issue in his first, timely filed pro se personal restraint petition (PRP), however, was inarticulate and ineffective. At issue here is whether this second petition, filed more than a year after Greening's sentence, is time barred, improperly successive, or abusive of the writ. Because we find none of these procedural barriers applicable here, we grant the petition.

FACTS
On August 28, 1997, David Greening, a.k.a. Nathan Johnson, pleaded guilty to, and was sentenced for, three offenses: second degree assault, first degree burglary, and first degree theft. The Pierce County Superior Court found no aggravating factors, and Greening was given concurrent standard-range sentences of 63 months, 87 months, and 33 months, respectively. Pursuant to the "Hard Time for Armed Crime" initiative codified at RCW 9.94A.310(3), firearm enhancements were added to all three offenses: 36 months, 60 months, and 36 months, respectively. Section 4.2(b) of the judgment and sentence provided, "Sentence enhancements in Counts I, II & III shall run consecutive to each other." Suppl. Br. of Resp't, App. D, Judgment and Sentence at 6. Greening did not appeal. Nine months after his sentencing, though, this court ruled in In re Post Sentencing Review of Charles, 135 Wash.2d 239, 245-46, 254, 955 P.2d 798 (1998), that firearm enhancements in nonexceptional sentences must be run concurrently to each other under former RCW 9.94A.310(3)(e)[1] and former RCW 9.94A.400(1)(a) (Laws of 1986, ch. 257, § 28).
On August 10, 1998, acting without counsel, Greening timely filed a PRP in the Court of Appeals, claiming, inter alia, "my charges werent [sic] ran [sic] together the proper way...." PRP at 2. One of his formal assignments of error was that "they charged me with three gun enhanc[e]ments, and three felony cases, when all the charges should have been ran [sic] together." Id. at 2b (second unnumbered page after 2). Nine days later, Division Two's chief judge summarily dismissed the PRP for presenting unsupported claims. Greening's one-year RCW 10.73.090 deadline for collaterally challenging his sentence expired on August 28, 1998.
On October 16, 1998, Greening filed an untimely motion for reconsideration, this time expressly citing Charles as support for his consecutive enhancement claim. Treating the pro se pleading as a motion for discretionary review, the Court of Appeals transferred it to this court on October 20, 1998. On December 20, 1998, this court's commissioner rejected the motion as untimely filed. More than two months later, on February 24, 1999, Greening filed a pro se motion to modify the commissioner's ruling, which was also untimely and rejected on that basis. On September 20, 1999, Greening filed this second pro se petition with this court, requesting relief based on Charles. We granted review and appointed counsel to represent Greening.

ANALYSIS
This case raises three questions. First, is Greening entitled to relief on the merits under RAP 16.4(c)(2)? Second, is his petition time barred under RCW 10.73.090? And third, is it improperly successive under RCW 10.73.140, RAP 16.4(d), or the abuse of the writ doctrine?

I
While this petition's procedural viability is vigorously disputed, its merits are not. Our rules of appellate procedure entitle a petitioner to collateral relief if his or her "sentence... was imposed or entered in violation of the ... laws of the State of Washington[.]" RAP 16.4(c)(2). Prosecutors agree that Greening's sentence enhancements were unlawfully imposed: "The State does not contest the fact that the defendant's sentence in this case was imposed contrary to the laws of the State of Washington, particularly RCW *209 9.94A.400(1)(a)."[2] Suppl. Br. of Resp't at 11.
We faced a related situation in In re Personal Restraint of Carle, 93 Wash.2d 31, 604 P.2d 1293 (1980). After pleading guilty to first degree robbery with a deadly weapon, Carle was sentenced in July 1978 to a maximum term of imprisonment not to exceed 20 years, plus a five year enhancement under RCW 9.41.025(1) (repealed July 1, 1984). Id. at 32, 604 P.2d 1293. He did not appeal. Id. Two months later, though, in State v. Workman, 90 Wash.2d 443, 584 P.2d 382 (1978), this court ruled that the five year enhancement could not be imposed for a first degree robbery conviction. Carle petitioned for relief, which we granted under RAP 16.4(c)(2), reasoning, "Because the trial court herein imposed an erroneous sentence, and since the error has now been discovered, the court has both the power and the duty to correct it." Carle, 93 Wash.2d at 33-34, 604 P.2d 1293; see also In re Personal Restraint of Williams, 111 Wash.2d 353, 361-62, 759 P.2d 436 (1988) (holding that "where a defendant was sentenced in violation of a provision of the state sentencing law[,][s]uch an error may be raised in a personal restraint petition") (citing Carle and RAP 16.4(c)(2)).[3]
Similarly, in In re Personal Restraint of Moore, 116 Wash.2d 30, 33, 803 P.2d 300 (1991), Moore had pleaded guilty in March 1980 and had been sentenced to life without the possibility of parole. He had not appealed. Id. at 32, 803 P.2d 300. Four months later, though, in State v. Martin, 94 Wash.2d 1, 8, 614 P.2d 164 (1980), we declared such a sentence unlawful following a guilty plea. Nine years then went by[4] before Moore finally petitioned for relief from his unlawful sentence under our Martin decision. See Moore, 116 Wash.2d at 39, 803 P.2d 300. Noting that "failure to correct the defect could result in a denial of petitioner's due process rights," id. at 33, 803 P.2d 300, we granted Moore's petition, remanding for resentencing to life with the possibility of parole. Id. at 39, 803 P.2d 300. We explained, "Confinement beyond that authorized by statute is exactly the kind of fundamental defect which the rule we announced in [In re Personal Restraint of Cook, 114 Wash.2d 802, 812, 792 P.2d 506 (1990)[5]] was aimed at remedying." Moore, 116 Wash.2d at 33, 803 P.2d 300.[6]
Most similar to Greening's case, though, is In re Personal Restraint of Johnson, 131 Wash.2d 558, 933 P.2d 1019 (1997), *210 where the petitioner had been sentenced a dozen years earlier "based on an incorrect calculation of his offender score." Id. at 569, 933 P.2d 1019. Johnson had not assigned error to his offender score calculation on direct appeal, but had done so in 1989 in his first PRP. Id. at 562, 933 P.2d 1019. Division One of the Court of Appeals had rejected Johnson's claim, though, on authority of a Division Three case decided after his sentencing, State v. Chavez, 52 Wash.App. 796, 799, 764 P.2d 659 (1988) (declining to treat overlapping sentences as one offense for purposes of offender score calculation). Five years later, though, this court overturned Chavez in In re Personal Restraint of Sietz, 124 Wash.2d 645, 650, 880 P.2d 34 (1994), prompting Johnson to file a second petition, citing Sietz. We granted the petition, finding that Sietz had revealed the erroneous, unlawful nature of Johnson's 1985 sentence.[7]Johnson, 131 Wash.2d at 569, 933 P.2d 1019.
On the merits, Greening's claim is indistinguishable. When he was sentenced in August 1997, former RCW 9.94A.310(3)(e) mandated that "any and all firearm enhancements... shall not run concurrently with any other sentencing provisions." The parties and the sentencing judge interpreted that statute in accordance with a controlling Division Two case decided just two months earlier, State v. Lewis, 86 Wash.App. 716, 937 P.2d 1325 (1997). In May 1998, however, we reversed Lewis, holding that firearm enhancements in nonexceptional sentences must run consecutively to other sentencing provisions, but concurrently to each other. Charles, 135 Wash.2d at 245-46, 254, 955 P.2d 798. Because Greening's sentence was imposed contrary to law, as the State itself acknowledges, the merit of his petition under RAP 16.4(c)(2) is manifest.

II
However, the State claims that this petition is procedurally barred because it was filed on September 20, 1999, more than a year after Greening's sentence became final on August 28, 1997, and because none of the statutory exceptions applies. RCW 10.73.090(1) provides:
No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.
RAP 16.4(d) permits collateral relief only if allowable "under RCW 10.73.090, .100, and.130." While RAP 1.2(c) authorizes an appellate court to waive its own rules when necessary "to serve the ends of justice," RCW 10.73.090 is a statute, establishing a "mandatory rule" with no "good cause" or "ends of justice" exception. Shumway v. Payne, 136 Wash.2d 383, 398-99, 964 P.2d 349 (1998) (citing In re Personal Restraint of Benn, 134 Wash.2d 868, 938-39, 952 P.2d 116 (1998)).
Still, Greening argues, inter alia, that RCW 10.73.100(6) statutorily exempts this petition from the RCW 10.73.090 one-year time bar. RCW 10.73.100 reads, in relevant part:
The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:
. . . .
(6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.
In 1993, when this court upheld the constitutionality of the one-year time bar for PRPs, we emphasized the "[b]road exceptions" provided in RCW 10.73.100, which *211 allows exceptions when later developments bring into question the validity of the petitioner's continuing detention. ... These exceptions are broader than is necessary to preserve the narrow constitutional scope of habeas relief. The Legislature, of course, is free to expand the scope of collateral relief beyond that which is constitutionally required, and here it has done so to include situations which affect the continued validity and fairness of the petitioner's incarceration.

In re Personal Restraint of Runyan, 121 Wash.2d 432, 440, 444-45, 853 P.2d 424 (1993) (emphasis added). "In streamlining the postconviction collateral review process, RCW 10.73.090 et seq. have preserved unlimited access to review in cases where there truly exists a question as to the validity of the prisoner's continuing detention." Id. at 453, 853 P.2d 424 (emphasis added). We added, "Faced with a virtually unlimited universe of possible postconviction claims, the Legislature wisely chose to exempt those contentions which go to the very validity of the prisoner's continued incarceration." Id. at 449, 853 P.2d 424 (emphasis added). Here, the State acknowledges that six years of this prisoner's prescribed incarceration period have been unlawfully imposed.
RCW 10.73.100(6) preserves access to collateral review in cases where there has been a "significant change in the law" that is material to a court order.[8] This court has repeatedly found that appellate decisions can effect such a change. See Johnson, 131 Wash.2d at 567, 933 P.2d 1019 (citing In re Personal Restraint of Holmes, 121 Wash.2d 327, 331, 849 P.2d 1221 (1993)); In re Personal Restraint of Jeffries, 114 Wash.2d 485, 488, 789 P.2d 731 (1990); In re Personal Restraint of Taylor, 105 Wash.2d 683, 688, 717 P.2d 755 (1986); In re Personal Restraint of Vandervlugt, 120 Wash.2d 427, 432-35, 842 P.2d 950 (1992). The State, though, cites as authority Holmes, 121 Wash.2d 327, 849 P.2d 1221 and State v. Olivera-Avila, 89 Wash.App. 313, 949 P.2d 824 (1997), two pre-Johnson decisions where appellate opinions were held not to have significantly changed the law.
In Holmes, this court declined to view In re Personal Restraint of Pepperling, 65 Wash.App. 17, 827 P.2d 347 (1992), as having significantly changed any relevant case law. Thus, Holmes could not be excused for omitting the claim from his first PRP under the RCW 10.73.140 "good cause" standard. Not only had Pepperling "not establish[ed] new or different law on the question which petitioner did not have available to argue" previously, Holmes, 121 Wash.2d at 332, 849 P.2d 1221 (emphasis added), but it was "not on point in any case...." Id. at 332, 849 P.2d 1221. Thus, Pepperling failed to excuse Holmes' omission of the claim from his prior petition.
In Olivera-Avila, 89 Wash.App. 313, 949 P.2d 824, Division Three also rejected a "change in the law" claim, but for a different reason, namely, that the intervening opinion simply applied settled case law to new facts. Olivera-Avila had pleaded guilty in 1993. Id. at 316, 949 P.2d 824. In August 1996, Olivera-Avila filed a CrR 7.8(b) motion with the trial court to vacate his judgment and sentence, complaining that he had not been told that mandatory community placement would be a direct consequence of his plea. Id. When the motion was granted, the State appealed, claiming it was time barred under RCW 10.73.090, a rule expressly incorporated into CrR 7.8(b) by reference. Olivera-Avila responded by invoking the RCW 10.73.100(6) statutory exemption, arguing that State v. Ross, 129 Wash.2d 279, 916 P.2d 405 (1996), had significantly changed the law. The Court of Appeals disagreed, noting, "Even before Ross, it was well settled that a guilty plea would not be accepted until the defendant had been informed of all direct consequences of the plea." Olivera-Avila, 89 Wn. App. at 321, 949 P.2d 824 (citing State v. Barton, 93 Wash.2d 301, 305, 609 P.2d 1353 (1980)). In other words, this court in *212 Barton had already settled the issue long before July 1988, when mandatory community placement was added as a direct consequence. Ross therefore could not be deemed a "significant change in the law" for purposes of RCW 10.73.100(6).
While litigants have a duty to raise available arguments in a timely fashion and may later be procedurally penalized for failing to do so, as occurred in Holmes and Olivera-Avila, they should not be faulted for having omitted arguments that were essentially unavailable at the time, as occurred here.[9] We hold that where an intervening opinion has effectively overturned a prior appellate decision that was originally determinative of a material issue, the intervening opinion constitutes a "significant change in the law" for purposes of exemption from procedural bars.
Here, when the Pierce County Superior Court sentenced Greening in August 1997, the Court of Appeals had just two months earlier, in Lewis, 86 Wash.App. 716, 937 P.2d 1325, construed former RCW 9.94A.310(3)(e) to mean that multiple firearm enhancements had to be imposed consecutively to each other. Id. at 718, 937 P.2d 1325. At the time, Lewis was the determinative construction of that statute. It was only when Charles overturned Lewis that it became apparent that six years of Greening's sentence had been unlawfully imposed. Thus, we find that Charles brought about a "significant change in the law" material to Greening's sentence and that the RCW 10.73.100(6) exemption applies here.[10]
For several reasons we reject the State's argument that the "significant change in the law" exemption should apply only to a petitioner's first collateral attack following that change, and only when that change takes place after the initial year. First, the statutory language in no way supports the State's reading. As written, the exemption applies whenever "[t]here has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order...." RCW 10.73.100(6) (emphasis added). Second, even were we to find the State's alternative construction reasonable, the rule of lenity would require resolving the alleged ambiguity in the petitioner's favor. Charles, 135 Wash.2d at 249-50, 955 P.2d 798. Lastly, we see no policy reason to read, in effect, a successive petition bar into RCW 10.73.100(6) itself, since such restrictions already exist elsewhere. See, e.g., RCW 10.73.140; RAP 16.4(d). The plain language of RCW 10.73.100(6) exempts any legal ground based on a "significant change in the law" material to the court order being challenged.

III
The State also contends that the successive petition limitations in RCW 10.73.140 require this PRP's dismissal. But as we noted in Johnson, "By its specific terms, RCW 10.73.140 relates only to the Court of Appeals and does not apply to the Supreme Court." 131 Wash.2d at 566, 933 P.2d 1019.
As for RAP 16.4(d), it provides, "No more than one petition for similar relief on behalf of the same petitioner will be entertained without good cause shown." A successive petition seeks "similar relief" if it either renews claims already "previously heard and determined" on the merits or raises "new" issues in violation of the abuse of the writ doctrine. Jeffries, 114 Wash.2d at 488-92, 789 P.2d 731 (citing In re Personal Restraint of Haverty, 101 Wash.2d 498, 503, 681 P.2d 835 (1984) (quoting Sanders v. United States, 373 U.S. 1, 15, 17, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963))).
We must first determine whether Greening's consecutive enhancement claim was "previously heard and determined" on the merits. In his earlier petition, Greening *213 stated, without elaboration or support, that "[his] charges werent [sic] ran [sic] together the proper way[,]" because "they charged [him] with three gun enhanc[e]ments, and three felony cases, when all the charges should have been ran [sic] together[.]" PRP at 2 and 2b. His appointed counsel commented,
This is not the most elegant language in the world. But it clearly shows that Mr. Greening attempted to raise a challenge to his three consecutive firearm enhancements, on the ground that they `should have been ran [sic] together,' in a timely manner in his first petition.
Second Suppl. Br. of Pet. at 2. We conclude, though, that Greening's attempt to raise the issue failed. He barely articulated the claim, citing no legal authority. Indeed, his first petition was summarily dismissed without any acknowledgment that the claim had been raised:
David L. Greening has filed a personal restraint petition challenging his 1997 Pierce County convictions for burglary and theft in the first degree and second degree assault. He contends that medications rendered his guilty plea involuntary, that he had ineffective assistance of counsel, and that the State provided no proof to support a deadly weapon enhancement.
This petition clearly lacks merit and should be dismissed. The petitioner cites no authority to support his contentions. "Bare allegations unsupported by citation of authority, references to the record, or persuasive reasoning cannot sustain [a petitioner's] burden of proof." State v. Brune, 45 Wash.App. 354, 363, 725 P.2d 454 (1986), review denied, 110 Wash.2d 1002, 1988 WL 631904 (1998). See In re Cook, 114 Wash.2d 802, 813-14, 792 P.2d 506 (1990). Accordingly, it is hereby
ORDERED that this petition is dismissed.
Unpublished Order Dismissing Petition, No. 23582-0-II (Aug. 19, 1998).
Because we find that (1) Greening's first attempt to raise the issue was "not sufficient to command judicial consideration and discussion in a personal restraint proceeding," see In re Personal Restraint of Webster, 74 Wash.App. 832, 833, 875 P.2d 1244 (1994) (citing In re Personal Restraint of Rice, 118 Wash.2d 876, 886, 828 P.2d 1086 (1992)), and (2) there is no reasonable basis to conclude that the issue's merits were previously reviewed, we find that the issue was not "previously heard and determined" for purposes of successive petition analysis.
Second, we examine whether this petition violates the abuse of the writ doctrine. Issues not "previously heard and determined" on their merits may be dismissed upon a showing that a petitioner is abusing the writ. Jeffries, 114 Wash.2d at 488, 789 P.2d 731. The Jeffries majority wrote:
Contrary to the suggestions ... [in] Justice Brachtenbach's concurring/dissenting opinion, we are not creating "a per se rule that the advancing of new issues in successive petitions constitutes an abuse of the [writ]". We hold only that, if the petitioner was represented by counsel throughout postconviction proceedings, it is an abuse of the writ for him or her to raise, in a successive petition, a new issue that was "available but not relied upon in a prior petition".
114 Wash.2d at 492, 789 P.2d 731 (quoting Kuhlmann v. Wilson, 477 U.S. 436, 444 n. 6, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986)).[11] Our Charles decision was issued on May 28, 1998, and was thus "available" when Greening filed his first PRP on August 10, 1998. But since Greening was not "represented by counsel throughout postconviction proceedings," Jeffries, 114 Wash.2d at 492, 789 P.2d 731, we need not suspect that his failure to effectively raise this claim in his earlier petition was a tactical ploy. Id. We thus find that his raising of this issue now is not abusive of the writ.

*214 CONCLUSION
Finding that this petition is exempt from the one-year time bar under RCW 10.73.100(6), is not subject to RCW 10.73.140, and does not violate RAP 16.4(d) or abuse the writ, we grant Greening's petition on the merits under RAP 16.4(c)(2) and remand for resentencing, nunc pro tunc, in accordance with former RCW 9.94A.310(3)(e) as construed in Charles.
GUY, C.J., SMITH, JOHNSON, MADSEN, ALEXANDER, TALMADGE, SANDERS, and IRELAND, JJ., concur.
NOTES
[1] RCW 9.94A.310(3)(e) has since been amended to make "all firearm enhancements ... run consecutively to all other sentencing provisions, including other firearm ... enhancements." See Laws of 1998, ch. 235, § 1.
[2] Former RCW 9.94A.400(1)(a) mandated: "Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.120 and 9.94A.390(2)(g) or any other provision of RCW 9.94A.390."
[3] Cf. In re Personal Restraint of Fleming, 129 Wash.2d 529, 534, 919 P.2d 66 (1996) (untimely filing of a restitution order was not a valid basis for collateral relief, because court at one time "had the authority to order restitution," but merely "did so in an untimely manner").
[4] In Carle and Moore, we had no need to address the one-year time bar and other RCW 10.73 restrictions, since those restrictions went into effect in 1990, after the petitions were filed.
[5] To obtain collateral relief from an alleged nonconstitutional error, a petitioner must show "a fundamental defect which inherently results in a complete miscarriage of justice[,]" Cook, 114 Wash.2d 802, 812, 792 P.2d 506 (1990), whereas with respect to an alleged constitutional error, a petitioner must show only that he or she was actually and substantially prejudiced by the error. Id. at 810, 792 P.2d 506; see also In re Personal Restraint of Breedlove, 138 Wash.2d 298, 304 n. 1, 979 P.2d 417 (1999); In re Personal Restraint of Cashaw, 123 Wash.2d 138, 148, 866 P.2d 8 (1994). We have already ruled that unlawful confinement satisfies the "fundamental defect" standard. See Moore, 116 Wash.2d at 33, 803 P.2d 300; In re Personal Restraint of Johnson, 131 Wash.2d 558, 568-69, 933 P.2d 1019 (1997) (erroneous sentence based on miscalculated offender score).
[6] As it does here, the State argued in Moore that by pleading guilty, Moore had waived all possible objections. See Garrison v. Rhay, 75 Wash.2d 98, 101, 449 P.2d 92 (1968); State v. Majors, 94 Wash.2d 354, 616 P.2d 1237 (1980). We rejected that logic, explaining that "the actual sentence imposed pursuant to a plea bargain must be statutorily authorized; a defendant cannot agree to be punished more than the Legislature has allowed for." Moore, 116 Wash.2d at 38-39, 803 P.2d 300. Here, Greening agreed to plead guilty to three felonies and three enhancements in exchange for the State's agreement to recommend standard-range sentences and to dismiss other charges. Both sides have honored the terms of that binding agreement.
[7] When this court construes a statute, its original meaning is clarified. Our ruling is thus automatically "retroactive." State v. Moen, 129 Wash.2d 535, 538, 919 P.2d 69 (1996); cf. In re Personal Restraint of St. Pierre, 118 Wash.2d 321, 326, 823 P.2d 492 (1992).
[8] The time bar question was not addressed in Johnson. Although RCW 10.73.090(1) was in effect and Johnson's petition was filed nearly a full decade after his sentence, it was clear that the RCW 10.73.100(6) time bar exemption applied, since we foundand the State conceded that Sietz represented a "material intervening change in the law." Johnson, 131 Wash.2d at 567, 933 P.2d 1019.
[9] While the State correctly notes that "Washington case law is replete with examples of defendants challenging standing case law and succeeding in reversing that law," Suppl. Br. of Resp't at 24, we do not believe procedural restrictions should penalize litigants who fail to do so.
[10] Since we find subsection (6) applies, we need not reach Greening's other grounds. As required, though, the petition was based "solely" on grounds listed in RCW 10.73.090 and .100.
[11] An "abuse of the writ" occurs "where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that `disentitle[s] him to the relief he seeks....' Kuhlmann, 477 U.S. at 444 n. 6, 106 S.Ct. 2616 (plurality opinion) (quoting Sanders, 373 U.S. at 17-19, 83 S.Ct. 1068).