# NOTICE:   SLIP OPINION
## (not the court's final written decision)

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>DARCY DEAN RACUS | No. 54868-2-II<br><br><br>PUBLISHED OPINION |

CRUSER, A.C.J. – In this personal restraint petition (PRP), Darcy Dean Racus challenges his 2016 jury trial convictions for attempted first degree rape of a child and communication with a minor for immoral purposes. Less than a year after his direct appeal mandated, Racus filed a PRP. Racus subsequently amended his PRP by filing a supplemental claim asserting that the trial court erred when it refused to instruct the jury on the entrapment defense, relying on *State v. Arbogast*, 199 Wn.2d 356, 506 P.3d 1238 (2022). He further argues that the entrapment instruction claim is not time barred because *Arbogast* is a significant, material, retroactive change in the law under RCW 10.73.100(6), excepting it from the limitation in RCW 10.73.090(1).

We hold that *Arbogast* is not a change in the law because it merely clarified existing law. Accordingly, we hold that the entrapment instruction claim is time barred. And because this claim is time barred, we dismiss this petition as mixed without addressing any of the other claims.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 54868-2-II

FACTS

I. BACKGROUND

Racus was arrested in an undercover sting operation commonly referred to as "Net Nanny II." 5 Verbatim Report of Proceedings (VRP) at 761. Racus had responded to an online Craigslist ad that was designed to appear to be seeking someone to participate in sexual encounters with children. The State charged him with attempted first degree rape of a child, commercial sex abuse of a minor, and communication with a minor for immoral purposes.

At trial, Racus requested that the trial court instruct the jury on the entrapment defense. The trial court denied his request, stating that it did not "think this case, based upon the evidence presented, rises to the level of an entrapment defense, so I would not be inclined to give the entrapment instruction.[1] 7 VRP at 1101.

The jury found Racus guilty of attempted first degree rape of a child and communicating with a minor for immoral purposes.[2]

II. APPEAL AND PETITION FOR REVIEW

Racus appealed. This court affirmed the convictions. *State v. Racus*, 7 Wn. App. 2d 287, 303, 433 P.3d 830 (2019).

In his appeal, Racus argued, in part, that the trial court erred when it denied his request for an entrapment jury instruction. *State v. Racus*, No. 49755-7-II, slip op. at 18 (Wash. Ct. App. Jan. 23, 2019) (unpublished portion), https://www.courts.wa.gov/opinions/pdf/497557.pdf. In the unpublished portion of our decision, we held that the trial court did not err "[b]ecause Racus failed

---

[1] The trial court did not state what burden of production it was applying.

[2] The trial court dismissed the commercial sexual abuse of a minor charge for insufficient evidence.

No. 54868-2-II

to show by a preponderance of the evidence that he was entitled to a jury instruction on entrapment." *Id.* at 20.

In reaching this conclusion, we stated,

> The quantum of evidence required for an instruction to be given as an affirmative defense is sufficient evidence "to permit a reasonable juror to conclude that the defendant has established the defense of entrapment by a preponderance of the evidence."

*Id.* at 19 (quoting *State v. Trujillo*, 75 Wn. App. 913, 917, 883 P.2d 329 (1994)).

Racus then petitioned for review in our supreme court. Am. Pet. for Rev., *State v. Racus*, No. 96820-9, at 1 (Wash. Mar. 4, 2019). In his amended petition for review, Racus challenged this court's rejection of his entrapment instruction argument. *Id.* at 13. He argued, in part, that we erred in relying on the preponderance of the evidence standard set out in *Trujillo*. *Id.* at 14-15. And he asked our supreme court to "disavow *Trujillo's* reasoning." *Id.* at 15. Our supreme court denied review without commenting on Racus's arguments. Ord., No. 96820-9 (Wash. June 5, 2019).

Racus's appeal mandated on June 18, 2019. Mandate, *State v. Racus*, No. 49755-7-II, at 1 (Wash. Ct. App. June 18, 2019).

III. PERSONAL RESTRAINT PETITION, *ARBOGAST* DECISIONS, AND SUPPLEMENTAL FILINGS

On May 5, 2020, less than a year after his appeal mandated, Racus filed a PRP in this court.

In December 2020, Division Three of this court rejected *Trujillo*'s preponderance of the evidence standard in *State v. Arbogast*, 15 Wn. App. 851, 871-73, 478 P.3d 115 (2020), *aff'd*, 199 Wn.2d 356 (2022). Racus filed his first supplement to this PRP on January 27, 2021. In this supplement, Racus argued that Division Three's *Arbogast* decision was a significant, material, retroactive change in the law and that he was entitled to a new trial because the trial court erred when it refused to instruct the jury on entrapment.

3

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 54868-2-II

At the State's request, we stayed the consideration of this matter pending our supreme court's review of Division Three's *Arbogast* decision. Our supreme court affirmed Division Three's *Arbogast* decision in March 2022. *Arbogast*, 199 Wn.2d at 361.

After the stay was lifted, Racus filed a second supplemental filing on June 29, 2022. In this supplemental filing, Racus argued that our supreme court's *Arbogast* decision was a significant, material, retroactive change in the law and that it established that the trial court had erred when it refused to instruct the jury on the entrapment defense.

ANALYSIS

I. *ARBOGAST* IS NOT A SIGNIFICANT CHANGE IN THE LAW

Racus argues that our supreme court's *Arbogast* decision overrules *Trujillo* and establishes that the trial court erred when it refused to instruct the jury on the entrapment defense. He also argues that *Arbogast* is a significant, material, retroactive change in the law, so his entrapment instruction issue is not time barred. The State argues that *Arbogast* is not a significant change in the law, so we should not address this claim further. We hold that this claim is time barred because Racus fails to establish that *Arbogast* is a significant change in the law.

A. LEGAL PRINCIPLES

RCW 10.73.090(1) bars collateral attacks on a judgment and sentence "filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." Under RCW 10.73.100(6), a petitioner can overcome the time bar by establishing that (1) there has been a significant change in the law, (2) the change in the law is material, and (3) the change in the law applies retroactively. *State v. Miller*, 185 Wn.2d 111, 114, 371 P.3d 528 (2016).

4

No. 54868-2-II

The significant change in the law exception applies " 'where an intervening opinion has effectively overturned a prior appellate decision that was originally determinative of a material issue.' " *In re Pers. Restraint of Yung-Cheng Tsai*, 183 Wn.2d 91, 104, 351 P.3d 138 (2015) (quoting *In re Pers. Restraint of Greening*, 141 Wn.2d 687, 697, 9 P.3d 206 (2000)). " 'One test to determine whether an [intervening case] represents a significant change in the law is whether the defendant could have argued this issue before publication of the decision.' " *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 258-59, 111 P.3d 837 (2005) (alteration in original) (quoting *In re Pers. Restraint of Stoudmire*, 145 Wn.2d 258, 264, 36 P.3d 1005 (2001)).

B. SUMMARY OF RELEVANT CASE LAW

In *State v. Galisia*, Division One of this court held that to be entitled to an entrapment instruction the defendant had to produce "some evidence" to support the instruction.[3] 63 Wn. App. 833, 836, 822 P.2d 303 (1992), *abrogated in part by Trujillo*, 75 Wn. App. at 917. Two years later, Division One disavowed *Galisia* in *Trujillo*, holding that in order to be entitled to an entrapment instruction "a defendant must present evidence which would be sufficient to permit a reasonable juror to conclude that the defendant has established the defense of entrapment by a preponderance of the evidence." *Trujillo*, 75 Wn. App. at 917, *abrogated by Arbogast*, 199 Wn.2d at 371-72.

In 2020, Division Three of this court rejected *Trujillo*'s preponderance of the evidence standard in their *Arbogast* decision. 15 Wn. App. 2d at 871-73. Observing that "*Trujillo*'s holding on this heightened standard for instruction has been relied on without examination in over a dozen

---

[3] In *Galisia*, Division One relied on our supreme court's opinion in *State v. McCullum*, 98 Wn.2d 484, 488, 656 P.2d 1064 (1983), which stated that in order to obtain an instruction on an affirmative defense, "there need only be some evidence admitted in the case from whatever source" to support the defense.

No. 54868-2-II

unpublished Court of Appeals decisions" and that *Trujillo* had never been cited by our supreme court, Division Three analyzed the issue and determined that the application of the *Trujillo* standard violated due process. *Id*. Our supreme court accepted review of this decision. *State v. Arbogast*, 197 Wn.2d 1007, 484 P.3d 1262 (2021).

On review, our supreme court addressed "the standard for obtaining an entrapment instruction." *Arbogast*, 199 Wn.2d at 365. The court stated that although the burden of proof for entrapment was well settled law, "other cases have created confusion about the burden of production, that is, the quantum of evidence necessary to raise the defense and get it before a jury." *Id.* at 366-67.

The court further stated that "[g]enerally, affirmative defense instructions are permitted upon a prima facie showing of *some evidence* in support of the defense." *Id.* at 368 (emphasis added). But the court acknowledged that "[a] handful of cases describe the burden differently," for instance by stating "that defendants are entitled to an instruction if it is supported by substantial evidence." *Id.* at 369. In light of the differences in language, the court stated, "Simply put, our case law has used different terms to articulate the burden of production. We take the opportunity to *clarify* that regardless of the terms used, the quantum of proof justifying an instruction on a party's theory of the case is some evidence supporting the proposition." *Id.* at 370 (emphasis added).

After describing *Trujillo* and Division Three's *Arbogast* decision, our supreme court held that because "*Galisia* set out the proper burden of production, to the extent that *Trujillo* disapproved of *Galisia* it is incorrect." *Id.* at 371-72. By "clarifying" the law, our supreme court made it clear that the burden of production is, and has always been, "some evidence" and that

6

No. 54868-2-II

*Trujillo* never altered the burden of production because it contravened established supreme court law.

C. ENTRAPMENT JURY INSTRUCTION ISSUE IS UNTIMELY

Racus's judgment and sentence became final when his direct appeal mandated on June 18, 2019. RCW 10.73.090(3)(b). The supplemental pleading raising the entrapment instruction claim was filed in 2021, well over a year after Racus's judgment and sentence became final. Thus, before this court can address the entrapment instruction claim, it must determine whether this claim is time barred.

Racus argues that our supreme court's *Arbogast* decision is a significant, material, retroactive change in the law under RCW 10.73.100(6) because it overrules *Trujillo*. But this argument fails because our supreme court in *Arbogast* did not change the law, it merely clarified the existing law and, in so doing, acknowledged that *Trujillo* had misinterpreted, but not changed, that law.[4]

---

[4] We have found no case in which the reversal of a court of appeals decision that contravenes existing supreme court law was held to be a significant change in the law for purposes of RCW 10.73.100(6). Moreover, in light of *In re Personal Restraint of Arnold*, 190 Wn.2d 136, 148-49, 410 P.3d 1133 (2018), which holds that "horizontal stare decisis" does not exist among the divisions of the court of appeals, it would seem inconsistent to conclude that the reversal of one division's case would be a change in the law in another division that was never bound by that case.

7

No. 54868-2-II

Because *Arbogast* clarified the law and corrected an erroneous interpretation of existing law but did not change the law, Racus fails to show that the significant, material, retroactive change in the law exception to the time bar applies.[5] Accordingly, we will not consider this claim.

## II. MIXED PETITION RULE APPLIES

The State argues that this petition must be dismissed because, if we hold that the entrapment instruction issue is time barred, the petition is mixed. Racus does not respond to this argument. We agree with the State and dismiss this petition as mixed.

When one or more grounds for relief fall within the exceptions in RCW 10.73.100 and one or more do not, then a petition must be dismissed as a mixed petition without any further consideration.[6] *In re Pers. Restraint of Williams*, 200 Wn.2d 622, 632, 520 P.3d 933 (2022). Here, the petition contains a time-barred claim and must be dismissed as mixed under RCW 10.73.100.

## CONCLUSION

We hold that (1) *Arbogast* is not a significant, material, retroactive change in the law, so Racus's supplemental claim is time barred; and (2) the petition is mixed. Accordingly, we dismiss this PRP without reaching any of the other claims.

---

[5] In his supplemental reply, Racus argues that judicial estoppel prohibits the State from arguing that *Trujillo* was not controlling law because the State argued on appeal that *Trujillo* was controlling law. We decline to address this argument because it was raised for the first time in a responsive brief. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

[6] This rule applies solely to claims governed by RCW 10.73.100. A claim of error arising under RCW 10.73.090(1)—to wit, that the judgment and sentence contains a facial invalidity or that the judgement and sentence was not rendered by a court of competent jurisdiction—does not trigger the mixed petition rule. *In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 349, 5 P.3d 1240 (2000); *see also Williams*, 200 Wn.2d at 632. Racus does not assert that any of the claims in his petition implicate facial invalidity or that his judgment and sentence was not entered by a court of competent jurisdiction.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 54868-2-II

CRUSER, A.C.J.

We concur:

MAXA, J.

VELJACIC, J.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.