# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 57420-9-II |
| JASON ROBERT STOMPS,<br><br>Petitioner. | UNPUBLISHED OPINION |

GLASGOW, C.J. — Jason Stomps seeks relief from personal restraint imposed following his 2015 convictions for first degree burglary, three counts of second degree kidnapping, and three counts of second degree assault. He argues he is entitled to a new trial based on his claim there has been a significant change in the law around criminal liability for bail recovery agents. He also argues there is insufficient evidence to support his convictions. Because Stomps's petition is time barred and mixed, we dismiss his petition.

## FACTS

One evening, while working as a bail bond recovery agent, Stomps went to the home of Annette and Bill Waleske looking for Courtney Barnes.[1] When Barnes's girlfriend guaranteed Barnes's bail bond, she listed the Waleskes' address as her address. When Barnes missed a court hearing, the bail bond company contracted with Stomps to locate him.

The Waleskes were out of the house when Stomps arrived, but their adult children were home along with their daughter's boyfriend. Their daughter was watching a movie with her

---

[1] These facts are recited in our opinion from Stomps's direct appeal.
*State v. Stomps*, No. 47546-4-II, slip op. (Wash. Ct. App. July 19, 2016) (unpublished),
https://www.courts.wa.gov/opinions/pdf/D2%2047546-4-II%20Unpublished%20Opinion.pdf.

boyfriend when they heard Stomps pounding on the door. Stomps yelled through the door, "'I'm looking for Courtney Barnes. Open up your door, or I'll kick your f[*****]g door down.'" *Stomps*, No. 47546-4-II, slip op. at 2. Frightened, the daughter responded that they did not know Courtney Barnes and told Stomps to leave. Stomps continued pounding on the door and yelling. While the daughter was on the phone with a 911 operator, Stomps broke down the front door. Stomps ordered everyone in the house downstairs while pointing a gun at them. Stomps ordered the Waleskes' son to handcuff himself to the daughter's boyfriend.

The police arrived and arrested Stomps. The State ultimately charged Stomps with first degree burglary, three counts of first degree kidnapping, and three counts of second degree assault. Each charge included a special allegation that Stomps was armed with a firearm. Stomps testified in his own defense at trial. A jury found Stomps guilty as charged. Stomps appealed, arguing that evidence was insufficient to support the jury's verdict. We affirmed Stomps's convictions. The mandate terminating review was issued on February 13, 2017.[2]

In December 2020, we dismissed Stomps's first personal restraint petition because at least one of the grounds that he raised was time barred and, therefore, the petition was mixed.[3] In March 2022, we dismissed Stomps's second personal restraint petition for the same reason.[4] Stomps filed this personal restraint petition on May 11, 2022.

---

[2] *State v. Stomps*, No. 47546-4-II (Wash. Ct. App.).

[3] *In re Pers. Restraint of Stomps*, No. 53400-2-II (Wash. Ct. App. Dec. 1, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2053400-2-II%20Unpublished%20 Opinion.pdf.

[4] *In re Pers. Restraint of Stomps*, No. 55810-6-II (Wash. Ct. App. Mar. 8, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2055810-6-II%20Unpublished%20Opinion.pdf.

ANALYSIS

Stomps argues that new evidence shows there was insufficient evidence to convict him at trial. He argues in the alternative, that he is entitled to a new trial because there has been a significant change in law. We conclude that his petition is time barred.

RCW 10.73.090(1) requires that a petition be filed within one year of the date that the petitioner's judgment and sentence becomes final. Stomps's judgment and sentence became final in February 2017, when we issued the mandate for his direct appeal. RCW 10.73.090(3)(b). He did not file this petition until May 2022, more than one year later. Unless he shows that one of the exceptions contained in RCW 10.73.100 applies or that his judgment and sentence is facially invalid or the trial court lacked jurisdiction, his petition is time barred. RCW 10.73.090; *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002).

Stomps does not claim any facial invalidity in his judgment and sentence. He argues that his petition is exempt from the time bar under RCW 10.73.100(6) because there has been a significant change in the law regarding bail recovery agents. Stomps argued unsuccessfully at trial, and on appeal, that he was immune from criminal liability for his actions as a bail recovery agent under *State v. Portnoy*, 43 Wn. App. 455, 466, 718 P.2d 805 (1986). In *Portnoy*, we recognized "that a bail bondsman has certain extraordinary powers under the common law, as the result of his contract with his client." *Id.* "However, Portnoy offer[ed] no authority for the proposition that the bondsman may sweep from his path all third parties who he thinks are blocking his search for his client, without liability to the criminal law." *Id.* Stomps now contends that *Applegate v. Lucky Bail Bonds Inc.*, 197 Wn. App. 153, 155, 387 P.3d 1128 (2016), constitutes a significant change in the

law because it "critically modifies *Portnoy* by defining the legal standard for entry into property of third parties [by a bail recovery agent.]" Pet'r's Opening Br. at 23.

In *Applegate*, a civil case, the plaintiff sued a bail bond company for injuries suffered when a bail recovery agent came onto his property and injured him while seeking to apprehend the bailee, the plaintiff's daughter. *Applegate*, 197 Wn. App. at 155. After a defense verdict, the plaintiff assigned error to the jury instructions defining the circumstances under which a bail recovery agent has a privilege to enter land of someone other than the bailee. Specifically, one instruction "limited the privilege to enter 'land in the possession of another' to situations when the bondsman reasonably believes the principal to be there." *Id.* at 157. Another instruction "limited the privilege to use force to enter any dwelling to situations when the principal is inside, or is reasonably believed to be inside, and generally 'only after explanation and demand for admittance.'" *Id.* The plaintiff argued that these instructions did not properly state the law because a bail recovery agent does not have a privilege of entering the land of someone other than the bailee. Division One rejected that argument, holding that the bail recovery agent's right to enter is not limited by the ownership and privacy rights of third parties. Instead, it is limited by the obligation of the bondsman to act reasonably. *Id.* at 161-62.

In discussing *Portnoy*, Division One held "*Portnoy* stands for the proposition that a bondsman's privilege to use force is limited, not that it does not exist." *Id.* at 164. Therefore, the jury instructions correctly stated the law. *Id.*

Under RCW 10.73.100(6), a significant change in the law occurs "'where an intervening opinion has effectively overturned a prior appellate decision that was originally determinative of a material issue.'" *In re Pers. Restraint of Yung-Cheng Tsai*, 183 Wn.2d 91, 104, 351 P.3d 138

(2015) (quoting *In re Pers. Restraint of Greening*, 141 Wn.2d 687, 697, 9 P.3d 206 (2000)); *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 258, 111 P.3d 837 (2005). But an "intervening appellate decision that 'settles a point of law without overturning prior precedent' or 'simply applies settled law to new facts' does not constitute a significant change in the law." *In re Pers. Restraint of Light-Roth*, 191 Wn.2d 328, 333-34, 422 P.3d 444 (2018) (internal quotation marks omitted) (quoting *State v. Miller*, 185 Wn.2d 111, 114-15, 371 P.3d 528 (2016)). A significant change in the law is likely to have occurred if the defendant was unable to argue the issue in question before publication of the intervening decision." *Id.*

Stomps does not show that *Applegate* has "effectively overturned" *Portnoy*. At most, *Applegate* clarifies that a bail recovery agent has only a limited privilege to enter the land of someone other than the bailee, and that the privilege is limited to bail recovery agents who act reasonably. And before *Applegate* was decided, nothing prevented Stomps from arguing that as a bail bondsman; he was entitled to use force to enter any dwelling where the bailee was "reasonably believed to be inside," "'after explanation and demand for admittance.'" *Applegate*, 197 Wn. App. at 157. Thus, Stomps does not show that *Applegate* constitutes a significant change in the law for purposes of RCW 10.73.100(6).

Stomps also argues that insufficient evidence supported his convictions and that claim is exempt from the time bar under RCW 10.73.100(4).[5] But under the mixed petition rule, if at least

---

[5] Additionally, we considered, and rejected, his insufficiency arguments in his direct appeal. Unless he shows that the interests of justice require it, he cannot raise these arguments again in this petition. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 303, 868 P.2d 835 (1994). He makes no such showing. Stomps also requests a reference hearing to further develop the facts, but he fails to establish a valid basis for a reference hearing where his petition is untimely and his arguments about sufficiency of the evidence were addressed in his direct appeal.

No. 57420-9-II

one of the grounds asserted in a personal restraint petition fails to meet one of the RCW 10.73.100 exceptions, and the judgment and sentence is valid on its face and was rendered by a court with competent jurisdiction, then the petition is "mixed" and must be dismissed. *In re Pers. Restraint of Stenson*, 150 Wn.2d 207, 220, 76 P.3d 241 (2003); RCW 10.73.090. We do not analyze every claim that is raised to determine which is time barred and which is not. *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 703, 72 P.3d 703 (2003). Stomps fails to show that there has been a significant change in the law surrounding liability of bail recovery agents creating, at best, a mixed petition that must be dismissed.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, C.J

We concur:

Lee, J.

Che, J.

6