[Nos. 22951-0-II; 22952-8-II.    Division Two.    February 12, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL
STEWART RAWSON, *Appellant*.

*Lise Ellner* of *Department of Assigned Counsel* for appel-
lant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney,* and *Kathleen Proctor, Deputy,* for respondent.

BRIDGEWATER, C.J. — Daniel S. Rawson appeals orders amending his sentences for firearm and drug convictions to include 12 months' community placement. Because Rawson was not explicitly informed that community placement was mandatory, we reverse and remand for him to withdraw his guilty pleas.

The State charged Rawson with two firearm and two drug offenses arising out of an October 7, 1996, incident. While he was free on bail, he was arrested on October 22 and subsequently charged with another drug offense. After losing his suppression motion relating to the earlier charge, Rawson entered a *Newton* plea to reduced charges: possession of a firearm in the first degree and possession of a controlled substance (methamphetamine). *State v. Newton,* 87 Wn.2d 363, 552 P.2d 682 (1976). At the same time, he also entered a *Newton* plea to the methamphetamine charge arising from the latter arrest. In exchange for his pleas, the State agreed to recommend that all three sentences run concurrently and it would recommend 102 months for the firearm conviction. Rawson's offender score was 8, and the standard range for possession of a firearm in the first degree, with this score, was 77 to 102 months.

When Rawson entered the *Newton* pleas, the trial court did not inform him that, under RCW 9.94A.120(9)(a), the court was required to impose 12 months' community placement.[1] But his plea forms contained the following paragraph, which was not stricken:

---

[1]Community placement is mandatory for certain drug and sex offenses and certain violent crimes. *See generally* RCW 9.94A.120.

In addition to confinement, the Judge may sentence me to **community placement** for at least 1 year. During the period of community placement, I will be under the supervision of the Department of Corrections, and I will have restrictions placed on my activities. (**If not applicable**, this paragraph should be stricken and initialed by the defendant and the Judge.)

In addition, Rawson's attorney stated that he went over "each and every paragraph" of the forms with Rawson, and "[w]e have stricken the paragraphs that do not apply."

Rawson asked for an exceptional sentence below the standard range. The court imposed the two judgments and concurrent sentences, with the longer sentence amounting to 90 months. The court did not impose the mandatory community placement in either sentence.

A few months later, the Department of Corrections notified the court of the discrepancy. On motion by the prosecutor, the court amended the sentences to provide for community placement. The orders were entered nunc pro tunc to the date of the original sentencing. Rawson, speaking on his own behalf, objected and requested that he be allowed to file certain motions and to withdraw his guilty plea. The court denied his request.

■■ A defendant may withdraw a guilty plea if the defendant is not explicitly informed of mandatory community placement. *State v. Ross*, 129 Wn.2d 279, 284-86, 916 P.2d 405 (1996). "Mandatory community placement produces a definite immediate and automatic effect on a defendant's range of punishment." *Id.* at 284. A defendant is unable to enter an intelligent, voluntary plea when the defendant is not informed that mandatory community placement will be imposed. *Id.* at 287-88.

In *Ross*, the defendant was sentenced with the aid of an outdated plea form lacking a community placement warning. 129 Wn.2d at 282. Ordinarily, a defendant receives a plea form indicating, in appropriate cases: "In addition to confinement, the judge will sentence me to community

placement for at least 1 year. . . ." See CrR 4.2(g)(6)(k). In *Ross*, the trial court did not address the mandatory community placement during its colloquy with the defendant. 129 Wn.2d at 283. The trial court imposed an 89-month sentence but then the court added the 12-month mandatory community placement and certain other conditions recommended by the presentence investigator. *Id*. Ross moved to withdraw his guilty plea as involuntary under CrR 4.2. *Id*.

Part of the Supreme Court's rationale in *Ross* included consideration that the defendant's total sentence (after the addition of community placement) exceeded the term of his plea agreement:

> The plea to which Defendant agreed was not the plea the State now seeks to enforce. Defendant signed a plea agreement believing the State was recommending a total sentence of 89 months, not 101 months. More significantly, mandatory community placement enhanced Defendant's minimum sentence and altered the standard of punishment applicable. Although Defendant knew the State's recommendation did not bind the trial court, he claims he would not have agreed to such a plea.

129 Wn.2d at 287-88. Because the addition of the mandatory 12 months' community placement increased Ross' total sentence beyond the State's recommendation in the plea agreement, the Supreme Court concluded that Ross had not entered an intelligent, voluntary plea. *Ross*, 129 Wn.2d at 287-88.

The Supreme Court refined its position in *State v. Acevedo*, 137 Wn.2d 179, 970 P.2d 299 (1999). There, the court held that community placement was not a direct consequence of the defendant's plea because he was an undocumented alien and would be deported upon his release from prison. *Id*. at 196, 203. For an error to be a manifest constitutional error, the defendant must identify the error to show actual prejudice. *Id*. at 194.

The court established a threshold inquiry: Did the plea

form omit the community placement warning and did the defendant state that he would not have agreed to plead "guilty" if he had been informed of that requirement? *Acevedo*, 137 Wn.2d at 202-03. If that threshold is reached, then the record should be examined to determine the materiality of the omission and statement by the defendant. "If the mandatory community placement produces a 'definite, immediate and automatic effect on a defendant's range of punishment,' the term of community placement will be considered a true direct consequence of a defendant's plea of guilty." *Id.* at 203.

Here, the State asserts that *Ross* may be distinguished because, in *Ross*, the plea form contained no mention of community placement. In addition, the State notes that Rawson's attorney stated that he went over "each and every paragraph" of the form with Rawson, and "[w]e have stricken the paragraphs that do not apply." Thus, the State urges an inference that mandatory community placement was explained to Rawson by his attorney. Finally, the State suggests, even if the warnings to Rawson were inadequate, the error was harmless. Rawson was originally sentenced to 90 months, 12 months less than the high end of the standard range, 102 months. In the plea bargain, Rawson agreed that the State would recommend 102 months. Thus, unlike the situation in *Ross*, Rawson's final sentence (after adding the term of community placement) did not exceed the amount recommended by the State. The State claims that Rawson got exactly what he bargained for, because he knew the State would recommend 102 months' incarceration and he received a sentence totaling 102 months. Thus, the State asserts, if there was error, it was harmless.

We note that the threshold of *Acevedo* is met. The plea form does not contain a warning indicating that community placement is a mandatory requirement, and Rawson indicated that he would not have entered the plea agreement had he known that community placement was mandatory. Neither the trial court nor the plea forms explicitly warned Rawson that, as a consequence of his pleas, he

would *definitely* receive 12 months' community placement after his term of incarceration. The trial court engaged in a colloquy but simply did not address community placement either in the plea hearing or the sentencing hearing. The plea forms state that the judge "may" sentence the defendant to community placement. CrR 4.2(g) suggests a form containing a warning that the judge "will" sentence the defendant to community placement (unless the paragraph is stricken as inapplicable). This plea form is inadequate to inform a defendant that community placement is mandatory and will definitely be imposed if the defendant pleads guilty. If the trial court fails to explicitly warn the defendant that community placement will be imposed as a consequence of the guilty plea, and such an inadequate form is used, the warning to the defendant is unacceptable under *Ross*.

Applying the second part of *Acevedo*'s test, the addition of community placement to Rawson's sentence had a "definite, immediate and automatic effect" on Rawson's range of punishment. 137 Wn.2d at 203. Rawson's sentence was increased from 90 months' incarceration to 90 months' incarceration followed by 12 months' community placement. As such, the community placement term had a "true direct consequence" for Rawson, unlike the situation in *Acevedo*, where the defendant was to be deported immediately after the term of incarceration. *Id*. Rawson has identified a constitutional error and shown actual prejudice; thus, this is a manifest constitutional error permitting reversal. *See Acevedo*, 137 Wn.2d at 203-04.

Rawson's attorney represented that he had discussed every paragraph of the plea form. But, as we have pointed out, the plea form is not correct. This does not save the plea. The State also argues "harmless error" because Rawson got what he bargained for. This is not true. Rawson did receive the prosecutor's recommendation that he had bargained for, but he did not agree to a specific sentence as the State implies. Rawson's bargain was with the prosecu-

tor, not the court, and it was for a recommendation, not a specific sentence. Further evidence of this fact is that Rawson argued for an exceptional sentence below the standard range. The fact that the trial court did not address the issue at plea or sentencing and that the prosecutor did not raise the mandatory community placement at either time suggests that no one was considering this as a mandatory term. A strong inference can be made that if the State and the court were not informed of the mandatory term, then neither was the defendant.

Our review of the record under *Acevedo* reveals that the mandatory term of community placement is a direct consequence of the defendant's plea of guilty and Rawson was not so advised. The plea was not intelligent and voluntary. Rawson's request to withdraw his plea of guilty pursuant to CrR 4.2(f) is granted. *Ross*, 129 Wn.2d at 288.

Reversed and remanded for withdrawal of guilty plea.

HOUGHTON and HUNT, JJ., concur.