36 P.3d 1005 (2001)
In the Matter of the Personal Restraint Petition of Jerrod Duane STOUDMIRE, Petitioner.
No. 70435-0.
Supreme Court of Washington, En Banc.
Argued May 30, 2001.
Decided December 13, 2001.
As Amended January 15, 2002.
*1006 Nielsen, Broman & Associates, David Bruce Koch, Seattle, for Petitioner.
Gerald Horne, Pierce County Prosecutor, Barbara L. Corey-Boulet, Deputy, John Christopher Hillman, Deputy, Tacoma, for Respondent.
BRIDGE, J.
In this personal restraint petition (PRP), we are asked to determine whether a defendant may withdraw his guilty plea when the plea form failed to inform him of the duration of mandatory community placement. Jerrod Duane Stoudmire, who pleaded guilty to several counts involving child molestation, claims that he would not have pleaded guilty had he known of the mandatory two-year term of residential placement after incarceration. *1007 We hold that this PRP is procedurally barred under RCW 10.73.090(1).[1]

FACTS
On July 20, 1992, the State charged Stoudmire with one count of rape of a child in the second degree, under cause number XX-X-XXXXX-X. On the same day, he was charged with two counts of indecent liberties, one count of statutory rape in the second degree, one count of rape of a child in the second degree, and one count of rape of a child in the third degree, under cause number XX-X-XXXXX-X. Pursuant to a plea agreement, the prosecutor filed an amended information in the latter cause, charging one count of rape of a child in the second degree, and one count of assault in the third degree. All charges related to molesting children whom he was babysitting. The defendant entered guilty pleas to all charges.
The plea agreements stated that "[i]n addition to confinement, the judge will sentence me to community placement for at least 1 year," and each contained language indicating that the prosecutor would recommend two years of community placement.[2] Stoudmire acknowledged in court that he understood the recommendation for community placement. The presentence investigation report prepared by the Department of Corrections indicated that a two-year placement was mandatory. A copy of that report was sent to defense counsel, who acknowledged receiving it.
Because the parties had miscalculated the sentencing range and applicable offender score, Stoudmire withdrew his guilty pleas. But on September 20, 1993, Stoudmire entered guilty pleas again, this time to a second amended information charging the same crimes as the original information. By that time, he was already aware of the two-year mandatory placement.
At the sentencing hearing on September 28, 1993, the court imposed concurrent sentences totaling 198 months followed by two years of community placement. Stoudmire did not appeal, but on September 26, 1994, he filed a PRP, seeking to withdraw his plea because he was not informed of his correct offender scores or of the 15 percent limitation on earned early release time. On April 11, 1995, the Court of Appeals dismissed the petition. No appeal to this court was filed.
On January 20, 1999, Stoudmire, acting pro se, raised new issues in a second PRP. The Court of Appeals rejected the PRP, finding that he had not offered good cause for failing to raise the issues in the first PRP. This court granted discretionary review, and on August 10, 2000 granted relief on some of his claims, vacating the two convictions for indecent liberties and remanding for resentencing on some of the other convictions. In re Pers. Restraint of Stoudmire, 141 Wash.2d 342, 352-57, 5 P.3d 1240 (2000). We did not address the issue of whether Stoudmire was properly informed of the mandatory two-year community placement, because the petition was "mixed," containing claims that were both timely and untimely under RCW 10.73.100. Id. at 350, 5 P.3d 1240. In dictum, the court stated that Stoudmire would have the option to resubmit that claim in a subsequent petition. Id. at 350-51, 5 P.3d 1240. Stoudmire has accepted our invitation.

ANALYSIS

Successive Petition
The prohibition on successive PRPs found in RCW 10.73.140[3] limits the jurisdiction *1008 of the Court of Appeals but does not limit this court's jurisdiction. In re Pers. Restraint of Johnson, 131 Wash.2d 558, 565, 933 P.2d 1019 (1997). RAP 16.4(d)[4] bars consideration of a second petition for "similar relief" without a showing of good cause, but this court has already indicated that Stoudmire's claim does not fall within the scope of "similar relief" contemplated by the rule:
[P]etitioner may resubmit this claim in a subsequent petition. RAP 16.4(d) bars consideration of a second petition "for similar relief" without a showing of good cause. Following the definition of "similar relief" in Sanders v. United States, 373 U.S. 1, 14, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), this court in In re Personal Restraint of Haverty, 101 Wash.2d 498, 502-03, 681 P.2d 835 (1984) stated that a successive petition could be dismissed only where the prior application had been denied on grounds previously heard and determined on the merits. Since we are dismissing on procedural grounds petitioner's claim to withdrawal of his guilty pleas to second and third degree rape, we did not consider it on its merits.
Stoudmire, 141 Wash.2d at 350-51, 5 P.3d 1240. Thus, this PRP is not barred as a successive petition.

Time Bar Under RCW 10.73.090(1)
Motions for collateral attack, including PRPs, must normally be filed within one year of final judgment:
No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.
RCW 10.73.090(1). This petition was filed over five years after the final judgment, and is barred unless it falls under a statutory exception or the conviction is facially invalid.
Stoudmire first claims that his petition falls under the exception provided in RCW 10.73.100(6), which allows a claim to be raised at a later date when it is based on a significant change in the law. He supports this with dicta from the previous Stoudmire opinion, wherein this court opined that the community placement issue "appears to fall within RCW 10.73.100(6)." Stoudmire, 141 Wash.2d at 346, 5 P.3d 1240 (emphasis added). Stoudmire does not claim that any other statutory exception to the time bar applies.
Stoudmire's purported change in the law results from a 1996 case in which this court held that mandatory community placement is a direct consequence of a plea; i.e., a consequence that arises from the guilty plea itself rather than from other proceedings. State v. Ross, 129 Wash.2d 279, 284, 916 P.2d 405 (1996). This court had previously held that a defendant must be informed of all direct consequences of a plea. Id. (citing State v. Barton, 93 Wash.2d 301, 305, 609 P.2d 1353 (1980)). The Ross court therefore applied Barton in holding that a defendant who is not informed of mandatory placement may withdraw his plea. Id. at 280, 916 P.2d 405.
One test to determine whether an appellate decision represents a significant change in the law is whether the defendant could have argued this issue before publication of the decision. In re Pers. Restraint of Holmes, 121 Wash.2d 327, 332, 849 P.2d 1221 (1993). One year after Ross was decided, Division Three of the Court of Appeals held that Ross did not constitute a significant change in the law because the opinion merely applied settled case law to new facts. State v. Olivera Avila, 89 Wash.App. 313, 321, 949 P.2d 824 (1997). Stoudmire claims that Olivera-Avila, *1009 was poorly reasoned and should be overruled by this court. However, this court has recently had an opportunity to overrule Olivera-Avila but declined to do so. In re Pers. Restraint of Greening, 141 Wash.2d 687, 697, 9 P.3d 206 (2000).
The Greening court clarified the meaning of significant change:
While litigants have a duty to raise available arguments in a timely fashion and may later be procedurally penalized for failing to do so ... they should not be faulted for having omitted arguments that were essentially unavailable at the time, as occurred here. We hold that where an intervening opinion has effectively overturned a prior appellate decision that was originally determinative of a material issue, the intervening opinion constitutes a "significant change in the law" for purposes of exemption from procedural bars.
Id. at 697, 9 P.3d 206 (footnote omitted).
Ross did not "effectively overturn" a previous appellate decision, and the arguments used in the case were previously available to litigants. We therefore adhere to the holding of Olivera-Avila and hold that Ross does not represent a "significant change in the law." Thus, this petition does not fall under the exception in RCW 10.73.100(6).

Facial Invalidity
An alternative argument made by Stoudmire is that the conviction is facially invalid. RCW 10.73.090(1) forbids collateral attack more than one year after judgment if the judgment and sentence is valid on its face. This court has held that the phrase "on its face" includes those documents signed as part of a plea agreement. Stoudmire, 141 Wash.2d at 353, 5 P.3d 1240 (citing State v. Phillips, 94 Wash.App. 313, 317, 972 P.2d 932 (1999)).
The plea form signed by Stoudmire was approved by this court in former CrR 4.2(g)(6)(j). In it, he was advised that a mandatory term of "at least one year" of community placement applied, but not that the mandatory term was two years. Stoudmire was advised in the plea form and acknowledged that the prosecutor would recommend two years of community placement. He nevertheless claims that because of the reference to "at least one year" he was affirmatively misadvised.
Due process requires that a guilty plea be knowing, intelligent, and voluntary. U.S. Const.Amend 14; Boykin v. Alabama, 395 U.S. 238, 243-44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). This court held in Ross that a defendant is unable to enter an intelligent, voluntary plea unless he is informed of mandatory community placement. Ross, 129 Wash.2d at 288, 916 P.2d 405. In a later case, the Court of Appeals vacated a guilty plea on direct appeal because the plea form did not explicitly warn the defendant of mandatory community placement. State v. Rawson, 94 Wash.App. 293, 297-98, 971 P.2d 578 (1999). In Rawson, the plea form stated that "`the Judge may sentence me to community placement for at least 1 year,'" but the defendant was unaware that the placement was mandatory. Id. at 295, 971 P.2d 578 (first emphasis added).
Here, Stoudmire was aware of the prosecutor's recommendation for a two-year placement, and knew that at least one year of community placement was mandatory. Thus, unlike the defendant in Rawson, Stoudmire knew that some term of mandatory community placement would be imposed. Stoudmire nevertheless argues that due process requires notice of the range of punishment in addition to the mere fact of punishment. We disagree. The plea form gave him adequate notice that mandatory community placement applied and that the prosecutor intended to recommend two years.
Yet, even if we were to hold that the plea agreement was facially invalid, Stoudmire's claim still fails. Knowledge of the direct consequences of a guilty plea can be satisfied either by the plea documents or by clear and convincing extrinsic evidence. Wood v. Morris, 87 Wash.2d 501, 507, 554 P.2d 1032 (1976). While Stoudmire's plea form stated only that community placement was mandatory for "at least one year," his attorney acknowledged receipt of a presentence investigation report that clearly stated the mandatory minimum term. Stoudmire *1010 subsequently withdrew his guilty plea for other reasons, but later pleaded guilty again. At that point, even though the plea form once again did not specify the mandatory length of placement, Stoudmire was on notice of the required term from the presentence report. His assertion that he was unaware of the mandatory nature of the prosecutor's two-year recommendation is untenable.

CONCLUSION
This PRP is procedurally barred under RCW 10.73.090(1). Stoudmire has not provided a statutory exemption to the time bar, nor has he demonstrated that the plea form is facially invalid. We therefore deny the petition.
ALEXANDER, C.J., SMITH, JOHNSON, IRELAND and OWENS, JJ., concur.
CHAMBERS, J. (concurring)
I respectfully disagree with the majority's position that there has been no change in the law, but nevertheless concur in the result on the grounds that the Petitioner suffered no prejudice.
Jerrod Stoudmire's personal restraint petition was submitted in January 1999, over five years after the judgment and sentencing, and is therefore time barred unless it falls under one of the exceptions provided in RCW 10.73.100. An enumerated exception occurs where there has been a significant, intervening, retroactive change in the law:
The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:
....
(6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.
RCW 10.73.100(6).
This Court has held that "where an intervening opinion has effectively overturned a prior appellate decision that was originally determinative of a material issue, the intervening opinion constitutes a `significant change in the law' for purposes of exemption from procedural bars." In re Pers. Restraint of Greening, 141 Wash.2d 687, 697, 9 P.3d 206 (2000). However, the Greening court did not address the circumstances here, where the intervening opinion clarified an area of law rather than directly overturning a prior decision.
It is well established that a defendant must be informed of all direct consequences of a plea. See State v. Barton, 93 Wash.2d 301, 305, 609 P.2d 1353 (1980). In 1996, this Court held that mandatory community placement is a direct consequence of a plea and that a defendant must be informed of mandatory placement. State v. Ross, 129 Wash.2d 279, 284, 916 P.2d 405 (1996). Stoudmire relies on Ross to argue that he falls within an exception to the one year time limit.
According to the majority, Ross does not change the law, because no court had previously held that community placement was not a direct consequence. See State v. Olivera-Avila, 89 Wash.App. 313, 321, 949 P.2d 824 (1997). However, prior to Ross, there was no indication in our case law that a defendant could withdraw a plea because he lacked information about the length of community placement. We should not expect an accused to divine the course of our jurisprudence.
Although I would hold that this personal restraint petition is not time barred and that Stoudmire should thus have been allowed to withdraw his plea if he could show prejudice, I nevertheless concur with the result reached by the majority. Stoudmire has the burden of establishing a prima facie case of actual prejudice. In re Pers. Restraint of Hews, 99 Wash.2d 80, 88, 660 P.2d 263 (1983). He has not met that burden. The plea documents advised him that there would be at least one year of community placement and that the *1011 prosecutor would recommend two years. He acknowledged the prosecutor's recommendation and did not take exception to it. Therefore, he suffered no prejudice when the sentence imposed carried the precise community placement he could have reasonably expected when he entered his guilty plea. I concur in the result, but reserve judgment on whether, under different facts, a petitioner could establish prejudice.
MADSEN, J., concurs.
SANDERS, J. (dissenting)
I agree with the majority that Jerrod Stoudmire's personal restraint petition (PRP) is not a successive petition barred by RCW 10.73.140 or RAP 16.4(d). See majority at 1007-1008. I also agree with Justice Chambers that Jerrod Stoudmire's PRP is not time barred. See concurrence at 1010-1011. However, unlike Justice Chambers, I believe Stoudmire has made out a prima facie case of actual prejudice and thus would hold he is entitled to a reference hearing.
I. The RCW 10.73.100(6) Exception to the One-Year Statute of Limitation
If Stoudmire meets the requirements in RCW 10.73.100(6), his PRP is not time barred. This statutory exception to the one-year time limit applies when:
There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.
RCW 10.73.100(6) (emphasis added). Thus, to take advantage of this exception, Stoudmire must show a(1) significant change in the law, (2) material to his conviction, and (3) the changed legal standard applies retroactively.
Although Justice Chambers concludes Stoudmire is not time barred under RCW 10.73.100(6), he does not consider all the inherent requirements in the statute.[1] He only analyzes the "significant change in the law" requirement, and I concur wholeheartedly with his reasoning and conclusion. See concurrence at 1010-1011. As to the remaining requirements, I believe materiality is clearly present and needs little discussion.[2] I examine retroactivity next. See In re Pers. Restraint of Crabtree, 141 Wash.2d 577, 584, 9 P.3d 814 (2000) (The "significant change in the law" must be retroactive.).
II. Retroactivity
Stoudmire relies on a rule announced in State v. Ross, 129 Wash.2d 279, 916 P.2d 405 (1996), as a significant change in the law. He must show this new rule should be applied retroactively. RCW 10.73.100(6).
Due process requires guilty pleas be voluntary, knowing, and intelligent. State v. Walsh, 143 Wash.2d 1, 7, 17 P.3d 591 (2001). A plea is not voluntary when the defendant has not been informed of a direct consequence of the plea. Ross, 129 Wash.2d at 288, 916 P.2d 405; State v. Saas, 118 Wash.2d 37, 44, 820 P.2d 505 (1991). Ross announced the rule that mandatory community placement is a direct consequence of a plea and thus must be communicated to the defendant. Ross, 129 Wash.2d at 284-87, 916 P.2d 405. Therefore, a plea violates due process when the defendant has not been informed of mandatory community placement.
*1012 "[N]ew rules should not be applied retroactively on collateral review unless they place certain kinds of conduct beyond the power of the State to proscribe or punish, or establish procedures inherent in the concept of ordered liberty." In re Pers. Restraint of Benn, 134 Wash.2d 868, 940, 952 P.2d 116 (1998); see also In re Pers. Restraint of St. Pierre, 118 Wash.2d 321, 326, 823 P.2d 492 (1992). Because the rule in Ross implicates due process, it is safe to say it established a procedure "inherent in the concept of ordered liberty." Benn, 134 Wash.2d at 940, 952 P.2d 116. See State v. Olivera-Avila, 89 Wash.App. 313, 321, 949 P.2d 824 (1997) (holding Ross be applied retroactively on collateral review). Therefore Ross should be applied retroactively.
Because Stoudmire can show a(1) significant change in the law, (2) material to his conviction, and (3) the changed legal standard applies retroactively, his PRP is excepted under RCW 10.73.100(6) from the general one-year statute of limitation.
III. Prima Facie Prejudice
Even if he successfully jumps through this procedural hoop, a petitioner still must adequately show he has been prejudiced. Therefore we must ask whether Stoudmire has made a prima facie case of actual prejudice arising from constitutional error. See In re Pers. Restraint of Hews, 99 Wash.2d 80, 87-88, 660 P.2d 263 (1983). If not, his PRP fails. Id. If so, we then ask whether Stoudmire can prove actual prejudice by a preponderance of evidence based on the record alone. Id. If he cannot make this heightened evidentiary showing, we do not dismiss the PRP but instead remand for a reference hearing on the merits. Id. However, if he can make this showing on the record, we grant the PRP. Id. Contrary to Justice Chambers, I conclude Stoudmire has presented at least a prima facie case of actual prejudice which deserves a reference hearing.
If the defendant was not apprised of the proper sentencing consequences and states he would not have pleaded guilty had he known of them, the court should examine the record to determine whether the failure to inform was material to the plea of guilty. State v. Oseguera Acevedo, 137 Wash.2d 179, 202-03, 970 P.2d 299 (1999); compare id. at 196, 970 P.2d 299 (concluding failure to inform defendant of community placement term was not material because record showed defendant would be deported at end of prison sentence and thus no community placement would in fact ever occur) with State v. Rawson, 94 Wash.App. 293, 298, 971 P.2d 578 (1999) (concluding failure to inform defendant of one-year community placement term was material because record showed defendant would serve it); see also Ross, 129 Wash.2d at 287-88, 916 P.2d 405 (looking to record for evidence that disputes defendant's assertion). In Rawson, the defendant pleaded guilty to a 90 month prison sentence in exchange for pleading guilty to reduced charges. 94 Wash.App. at 294, 971 P.2d 578. A one-year mandatory community placement term was not communicated to him during the plea, and Rawson later indicated he would have not entered the plea had he known of the mandatory community placement term. Id. at 297-98, 971 P.2d 578. After examining the record, the court reversed and remanded to allow Rawson to withdraw his guilty plea because, unlike in Oseguera Acevedo, the one additional year of punishment had a true direct consequence on Rawson. Id. at 299.
Here, Stoudmire states unequivocally in an affidavit that had he known of the mandatory minimum term of two years, he would not have pleaded guilty. Had the State agreed to dismiss certain charges in exchange for the plea, i.e., a true plea "bargain," it perhaps may be more inviting to doubt Stoudmire's claim that community placement was a material factor in his plea decision. However, Stoudmire did not receive any benefit in exchange for pleading guilty; he pleaded guilty to all the crimes charged. Moreover, as discussed more fully below, like in Rawson, nothing in the record contradicts Stoudmire's statement.
The plea forms themselves did not just fail to inform Stoudmire of the mandatory minimum two-year community placementthey misinformed Stoudmire that the mandatory *1013 minimum was one year.[3] The plea forms state "In addition to confinement, the judge will sentence me to community placement for at least 1 year." See State's Resp. to PRP, App. F (emphasis added); App. G (same); App. M (same); App. N (same). However, the minimum term was two years of community placement,[4] which the judge proceeded to impose at sentencing. See id. at App. P (Order of J. and Sentence: # XX-X-XXXXX-X); App. Q (same: # XX-X-XXXXX-X).
Justice Chambers also argues Stoudmire has not made a prima facie case of actual prejudice because he "acknowledged the prosecutor's recommendation and did not take exception to it," and the sentence imposed was the same as the prosecutor's recommendation. Concurrence at 1011. However, while the prosecutor recommended two years of community placement, the recommendation does not state two years is mandatory. Thus, by virtue of receiving the recommendation alone, Stoudmire was not informed of a direct consequence of the plea, which is the requirement. See Rawson, 94 Wash.App. at 298-99, 971 P.2d 578 (finding specious State's argument defendant was not prejudiced because he ended up receiving same length of sentence as in prosecutor's recommendation); see id. ("Rawson's bargain was with the prosecutor, not the court, and it was for a recommendation, not a specific sentence."). Also, at the plea hearing, the judge made it clear to Stoudmire the judge was not bound by the prosecutor's recommendation. See State's Resp. to PRP, App. L at 9-10 (Verbatim Report of Proceedings (VRP) of Second Plea Hearing); see also id. at App. H at 8 (VRP of First Plea Hearing). The judge's statement is reiterated expressly on the plea forms. See id. at App. F at (6)(g) ("The judge does not have to follow anyone's recommendation as to sentence."); App. G (same); App. M (same); App. N (same). If anything, Stoudmire knew not to rely on the prosecutor's recommendation.
Although never reaching the "actual prejudice" requirement, the majority asserts Stoudmire was on notice of the mandatory term due to receiving a presentence investigation (PSI). See majority at 1010. However the PSI pertained to the first plea agreement which was vacated on other grounds. It also addressed charges different from those Stoudmire pleaded guilty to the second time. Lastly, all plea forms contained the misinformation about the mandatory minimum community placement. Thus, the PSI in the first plea did not even prompt the judge or the State to correct the error. See Rawson, 94 Wash.App. at 299, 971 P.2d 578 ("A strong inference can be made that if the State and the court were not informed of the mandatory term, then neither was the defendant.").
The trial court at the plea hearing never informed Stoudmire of the two-year mandatory community placement. The judge inquired into whether Stoudmire understood the prosecutor's recommendation and the plea form itself. As noted above, the recommendation should not be a source of a defendant's proper legal understanding of the direct consequences of a plea. Moreover, the plea form misadvised Stoudmire of the mandatory term.
Finally, on a purely syllogistic note, Stoudmire is able to show actual prejudice. As *1014 discussed above, Stoudmire was not informed of his mandatory community placement during his guilty plea. Failure to inform a defendant of mandatory community placement in a guilty plea "renders that plea invalid." Ross, 129 Wash.2d at 280, 916 P.2d 405. "An invalid plea of guilty constitutes actual prejudice." Hews, 99 Wash.2d at 88, 660 P.2d 263.[5] Therefore, the failure to inform Stoudmire of his mandatory community placement constitutes actual prejudice.
IV. Conclusion
For these above reasons, I concur with Justice Chambers' conclusion that Stoudmire can take exception to the one-year PRP filing deadline pursuant to RCW 10.73.100(6). However, I would also hold based on this record Stoudmire has shown at least a prima facie case of actual prejudice and therefore should at least be afforded a reference hearing. See Hews, 99 Wash.2d at 88, 660 P.2d 263.
I therefore dissent.
NOTES
[1] In deciding a previous PRP from Stoudmire, this court dismissed the issue he now raises on procedural grounds, holding that the issue could not be raised in a "mixed" PRP but stating in dicta that Stoudmire would not be barred from raising the issue in a separate PRP. In re Pers. Restraint of Stoudmire, 141 Wash.2d 342, 350-51, 5 P.3d 1240 (2000).
[2] State's Resp. to Pers. Restraint Pet., Apps. F, G.
[3] If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition. Upon receipt of a personal restraint petition, the court of appeals shall review the petition and determine whether the person has previously filed a petition or petitions and if so, compare them. If upon review, the court of appeals finds that the petitioner has previously raised the same grounds for review, or that the petitioner has failed to show good cause why the ground was not raised earlier, the court of appeals shall dismiss the petition on its own motion without requiring the state to respond to the petition.

RCW 10.73.140.
[4] The appellate court will only grant relief by a personal restraint petition if other remedies which may be available to petitioner are inadequate under the circumstances and if such relief may be granted under RCW 10.73.090, .100, and.130. No more than one petition for similar relief on behalf of the same petitioner will be entertained without good cause shown.

RAP 16.4(d).
[1] Since the majority believes Stoudmire has not shown a significant change in the law, it need not consider the remaining RCW 10.73.100(6) requirements.
[2] The meaning of this requirement was not adequately briefed, and our case law sheds little light on the subject. I would interpret "materiality" in RCW 10.73.100(6) as simply whether the change in the law is relevant or pertains to the conviction. If the word has a more stringent meaning, like "materiality" for purposes of an "actual prejudice" analysis, that standard nonetheless is met in this case. See part III, infra.
[3] Stoudmire pleaded guilty on two separate occasions, the former being vacated. Both pleas involved charges in two different informations with different cause numbers. See State's Resp. to PRP, App. A (July 20, 1992 Information: #XX-X-XXXXX-X); App. C (July 20, 1992 Information: # XX-X-XXXXX-X); App. E (May 10, 1993 Amended Information: #XX-X-XXXXX-X); App. N (Sept. 9, 1993 Second Amended Information: # XX-X-XXXXX-X). Therefore, this case ultimately involves a total of four separate pleas, with four separate sets of plea forms. See id. at App. F (May 10, 1993 Statement of Def. on Plea of Guilty: # XX-X-XXXXX-X); App. G (same: # XX-X-XXXXX-X); App. M (Sept. 20, 1993 Statement of Def. on Plea of Guilty: # XX-X-XXXXX-X); App. N (same: # XX-X-XXXXX-X).
[4] The State does not contest the law in 1993 required the judge to impose at least two years of community placement. See former RCW 9.94A.120(8). Instead, the State attempts to argue "[t]he language `the judge will sentence me to community placement for at least 1 year' is sufficient to advise a criminal defendant of the direct consequence of two years of community placement." State's Resp. to PRP at 17. How being advised of a one-year mandatory minimum suffices as advice of the required two-year mandatory minimum defies logic.
[5] In Hews, Hews pleaded guilty to second degree murder. Hews, 99 Wash.2d at 88, 660 P.2d 263. During the plea hearing the trial court informed Hews of the "intent" component to the crime, and Hews responded, "`I didn't intend to kill anybody.'" Id. The trial court however failed to explain or clarify the mens rea element. Id. On this basis alone, this Court was "constrained to hold that, on the meager record before us, petitioner Hews has submitted a prima facie case demonstrating that his plea was constitutionally invalid." Id. (reversing the Court of Appeals and remanding for a reference hearing).