IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint Petition of<br><br>JAMAL DESHAWN SMITH, | No. 49127-3-II<br><br>(Consolidated with No. 49257-1-II)<br><br><br><br>UNPUBLISHED OPINION |

JOHANSON, J. — Jamal D. Smith petitions for relief from personal restraint. Smith argues that his sentences violate the Eighth Amendment of the federal constitution, and he requests a resentencing hearing. We accept the State's concession that, under *State v. Houston-Sconiers*,[1] Smith is entitled to resentencing. Accordingly, we grant Smith's petition, reverse his sentences, and remand for resentencing.

FACTS

On February 15, 2003, 17-year-old Smith shot Jason Fonder as part of a failed drug deal. Smith evaded law enforcement until he was eventually arrested in May 2004, when he was charged as an adult with attempted first degree murder (count I), first degree robbery (count III), possession

[1] 188 Wn.2d 1, 391 P.3d 409 (2017).

of over 40 grams of marijuana (count IV), all with firearm enhancements, and possession of an illegal firearm (count II).[2] Miraculously, Fonder survived the gunshot injury and was expected to testify against Smith at trial.

On July 18, the day before trial was to begin and after Smith's 19th birthday, Smith facilitated a break-in of Fonder's house with the intent to kill Fonder to prevent him from testifying at Smith's trial. Smith's trial was delayed, and the State amended the information to add a second charge of attempted first degree murder (count V) and a residential burglary (count VI); the first degree robbery charge was changed to count II, the possession of marijuana charge was changed to count III, and the unlawful possession of a firearm charge was changed to count IV.

Smith was convicted as charged.[3] The sentencing court imposed standard range sentences, with mandatory firearm enhancements on counts I, II, and III. For these under-age-18 offenses, Smith was sentenced to a total of 460 consecutive months: 322 months for count I, plus 138 months for the firearm enhancements on counts I to III to run consecutively. For the over-age-18 offenses, Smith was sentenced to a total of 240 months to run consecutively to the under-age-18 offenses.

The sentencing court concluded that it was mandated to run the firearm enhancements and sentences for the serious violent offenses (counts I and V) consecutively, pursuant to former RCW 9.94A.589 (2002). These sentences total 700 months or 58 years and 4 months. Of this sentence,

---

[2] A first degree rendering criminal assistance while armed with a deadly weapon charge was dismissed before trial.

[3] The offenses committed while Smith was under 18 are referred to as "under-age-18 offenses" and the offenses committed after age 18 are referred to as "over-age-18 offenses."

38 years and 4 months are for the under-age-18 offenses and 20 years are for the over-age-18 offenses. We affirmed Smith's convictions in an unpublished opinion.

In May 2016, Smith, now 31 years old, filed a CrR 7.8 motion for relief from judgement, asserting that *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) announced a significant change in the law concerning the sentencing of juvenile offenders. The Superior Court transferred the motion to us under CrR 7.8(c)(2) as a personal restraint petition (PRP) on grounds that the motion was time-barred under RCW 10.73.090.

ANALYSIS

I. PRP STANDARD OF REVIEW

A petitioner may request relief through a PRP when he is under an unlawful restraint. RAP 16.4(a)-(c). A personal restraint petitioner must prove either a (1) constitutional error that results in actual and substantial prejudice or (2) nonconstitutional error that "'constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 672, 101 P.3d 1 (2004) (quoting *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813, 792 P.2d 506 (1990)).

Here, Smith alleges a constitutional error that resulted in actual and substantial prejudice. He alleges the sentencing court violated his Eighth Amendment rights in failing to consider his youth prior to sentencing.

## II. Smith's PRP is Not Time-Barred

Smith argues that his PRP is not time-barred because recent decisions constitute an exception allowed under RCW 10.73.100(6).[4]  Accepting the State's concession,[5] we agree that Smith's PRP is not time-barred.

Generally, no petition or motion for a collateral attack on a sentence in a criminal case may be filed more than one year after the judgment becomes final.  RCW 10.73.090.  There are, however, six exceptions to this one-year limit, as stipulated in RCW 10.73.100.  An exception to the one-year limit exists when there has been a significant change in the law that is material to the order being challenged, and the change is applied retroactively.  RCW 10.73.100(6).

Smith argues that *Miller* constitutes a significant change to the law, that *Miller* is material to the order being challenged, and that *Miller* is intended to be applied retroactively.  The State concedes that *Houston-Sconiers* represents a significant change in the law.  We agree that *Miller* and *Houston-Sconiers* represent a significant change in the law that is material to the order being challenged and that the changed law is intended to be applied retroactively.[6]

---

[4] Smith alleges that he is entitled to a new sentencing hearing under the decisions in *Miller*, 567 U.S. 460; *State v. Ronquillo*, 190 Wn. App. 765, 778-79, 361 P.3d 779 (2015), and *State v. O'Dell*, 183 Wn.2d 680, 683, 358 P.3d (2015).

[5] In the State's original response to Smith's pro se petition, the State concedes that the petition is not time-barred.  In the State's response to the petition drafted by Smith's attorney entitled "Brief of Appellant," the State concedes that Smith is entitled to the relief Smith requests but without specifically mentioning the time-bar issue again.

[6] Division One recently held that *O'Dell* constitutes a "significant, material change in the law that applies retroactively," classifying *O'Dell* as an exception allowed under RCW 10.73.100(6).  *In re Pers. Restraint of Light-Roth*, No. 75129-8-I, 2017 WL 3473644, at *2 (Wash. Ct. App. Aug. 14, 2017).  We agree.

A. *MILLER* AND *HOUSTON-SCONIERS* CONSTITUTE SIGNIFICANT CHANGES IN THE LAW

An intervening opinion may constitute a "'significant change in the law'" under RCW 10.73.100(6) if it effectively overturns a prior appellate decision that was determinative on the material issue now reversed. *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 258, 111 P.3d 837 (2005) (quoting *In re Pers. Restraint of Greening*, 141 Wn.2d 687, 697, 9 P.3d 206 (2000)). "One test to determine whether an appellate decision represents a significant change in the law is whether the defendant could have argued this issue before the publication of the decision." *In re Pers. Restraint of Stoudmire*, 145 Wn.2d 258, 264, 36 P.3d 1005 (2001).

*Miller* and *Houston-Sconiers* constitute significant changes in the law. *Miller* unequivocally held that a mandatory life sentence without parole for those under 18 at the time of their crimes violated the Eighth Amendment's prohibition on cruel and unusual punishments. 567 U.S. at 465. Prior to the publication of *Miller*, "29 jurisdictions . . . ma[d]e a life-without-parole term mandatory for some juveniles." 567 U.S. at 482. That is, in 29 jurisdictions, including Washington, a juvenile could not argue that a mandatory life-without-parole sentence was unconstitutional prior to *Miller*'s publication. *See State v. Ronquillo*, 190 Wn. App. 765, 777-79, 361 P.3d 779 (2015) (discussing Washington's "*Miller* fix" statute, RCW 9.94A.730, and the intent of our legislature to cure any constitutional sentencing defects following the publication of *Miller*). As such, *Miller* constitutes a significant change in the law.

Similarly, *Houston-Sconiers* held that courts sentencing juveniles in adult court have "absolute discretion to depart as far as they want" from standard sentencing ranges and mandatory enhancements. 188 Wn.2d at 9. The trial court judge "expressed frustration at his inability to exercise greater discretion over the sentences imposed." *Houston-Sconiers*, 188 Wn.2d at 13.

Moreover, *Houston-Sconiers* overruled a prior appellate decision that was determinative of the outcome here: *State v. Brown*, 139 Wn.2d 20, 22, 983 P.2d 608 (1999) (holding that sentencing courts have no discretion to impose an exceptional sentence below the time specified in mandatory enhancements), *overruled by Houston-Sconiers*, 188 Wn.2d 1. As such, *Houston-Sconiers* constitutes a significant change in the law.

B.   *MILLER* AND *HOUSTON-SCONIERS* ARE MATERIAL TO THE ORDER BEING CHALLENGED

Smith argues that he is entitled to a resentencing hearing on grounds that he was sentenced for crimes committed as a juvenile to an effective life-without-parole sentence. Additionally, Smith objects to the mandatory nature of the enhancements and the application of the serious violent offense rule to his sentence. As such, *Miller* and *Houston-Sconiers* are both material here. *See Miller*, 567 U.S. at 483 (prohibiting life-without-parole sentences for juveniles); *Houston-Sconiers*, 188 Wn.2d at 9 (holding that courts have discretion to depart below mandatory sentencing enhancements for juveniles).

C.   *MILLER* AND *HOUSTON-SCONIERS* ARE INTENDED TO BE APPLIED RETROACTIVELY

Courts distinguish between new rules of constitutional law which, unless exceptional, do not apply retroactively, and rules that give new application to an old rule, which are presumed to apply retroactively. *Teague v. Lane*, 489 U.S. 288, 290-91, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989); *In re Pers. Restraint of Colbert*, 186 Wn.2d 614, 619-20, 380 P.3d 504 (2016). A rule is not "new" when it is based on statutory interpretation. *Colbert*, 186 Wn.2d at 619-20.

The Supreme Court has held that *Miller* is intended to be applied retroactively with regard to PRPs. *Montgomery v. Louisiana*, __ U.S. __, 136 S. Ct. 718, 724, 193 L. Ed. 2d 599 (2016) ("*Miller*'s prohibition on mandatory life without parole for juvenile offenders announced a new

6

substantive rule that, under the Constitution, is retroactive in cases on state collateral review.").

*Houston-Sconiers* involved interpretation of our statutory sentencing scheme; therefore, *Houston-Sconiers* does not create a new rule and is presumed to apply retroactively. 188 Wn.2d at 21 ("To the extent our state statutes have been interpreted to bar such discretion with regard to juveniles, they are overruled."). Therefore, both *Miller* and *Houston-Sconiers* are intended to apply retroactively.

Thus, Smith's petition is not time-barred and he is entitled to review.

### III. SMITH IS ENTITLED TO A RESENTENCING HEARING

Smith alleges that, in light of recent development in the area of juvenile sentencing, he is entitled to a new sentencing hearing. The State concedes that Smith is entitled to resentencing in light of *Houston-Sconiers*, 188 Wn.2d at 21. We accept the State's concession.

The Eighth Amendment extends greater protection to juveniles. *See, e.g.*, *Miller*, 567 U.S. at 479-80 (noting that "children are different" in support of holding mandatory life without parole sentences for juveniles unconstitutional); *Graham v. Florida*, 560 U.S. 48, 68-70, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010) (holding life-without-parole sentences for nonhomicide offenses for juveniles unconstitutional); *Roper v. Simmons*, 543 U.S. 551, 574, 124 S. Ct. 1183, 161 L. Ed. 2d 1 (2005) (holding death penalty for juveniles unconstitutional).

In addition, our Supreme Court held that sentencing courts have complete discretion to consider mitigating circumstances associated with the youth of any juvenile defendant. *Houston-Sconiers*, 188 Wn.2d at 21. In *Houston-Sconiers*, defendants who committed nonhomicide crimes while under 18 years of age, appealed their sentences of 31 and 26 years on grounds that, in part, the differences between children and adults render their mandatory firearm enhancements

unlawful. 188 Wn.2d at 13, 18. The Supreme Court held that "[t]he mandatory nature of these enhancements violates the Eighth Amendment protections." *Houston-Sconiers*, 188 Wn.2d at 25-26. The court also held that "sentencing courts must have absolute discretion to depart as far as they want below otherwise applicable [Sentencing Reform Act of 1981, ch. 9.94A RCW,] ranges and/or sentencing enhancements when sentencing juveniles in adult court." *Houston-Sconiers*, 188 Wn.2d at 9.

Under *Houston-Sconiers*, the sentencing court here had discretion to depart from "mandatory" firearm enhancements and from the serious violent offense rule that requires consecutive sentencing. 188 Wn.2d at 9. We recognize that the trial court did not have the benefit of the *Houston-Sconiers* decision at the time of sentencing Smith. But in light of *Houston-Sconiers*, the trial court erred when it concluded that it was constrained to impose the mandatory firearm enhancements as well as the serious violent offense consecutive sentencing provisions. Consequently, the trial court did not adequately consider mitigating circumstances associated with the youth of Smith when sentencing him. *See Houston-Sconiers*, 188 Wn.2d at 21; *State v. O'Dell*, 183 Wn.2d 680, 683, 358 P.3d 359 (2015); *In re Pers. Restraint of Light-Roth*, No. 75129-8-I, 2017 WL 3473644, at *2 (Wash. Ct. App. Aug. 14, 2017).

We hold that Smith has shown a constitutional error that resulted in actual and substantial prejudice. Therefore, the appropriate remedy is to remand for resentencing to allow the sentencing court an opportunity to consider the mitigating circumstances associated with Smith's youth,

consistent with recent case law. Thus, we grant Smith's petition, reverse his sentences and remand for a new sentencing hearing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, P.J.

MELNICK, J.