IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In re Personal Restraint of: | ) | No. 79621-6 |
| | ) | |
| | ) | |
| ALEJANDRO GARCIA-MENDOZA | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | FILED: December 2, 2019 |

ANDRUS, J. — Alejandro Garcia-Mendoza seeks relief from his 2006 conviction for possession of a controlled substance, a crime to which he pleaded guilty. In this personal restraint petition, Garcia-Mendoza argues that he was deprived of his Sixth Amendment right to counsel under Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), because defense counsel did not inform him of the immigration consequences of pleading guilty outside of the standard form plea agreement. He also argues that he was deprived of a statutory right to be informed of the immigration consequences of pleading guilty under RCW 10.40.200. Although the former claim is timely, the latter is time-barred. We thus dismiss Garcia-Mendoza's petition as time-barred.

## FACTS

Alejandro Garcia-Mendoza moved to the United States from Mexico with his parents in 1998, when he was 13 years old. Although his wife and daughter are citizens of the United States, Garcia-Mendoza never became a United States citizen.

On September 19, 2006, the State charged Garcia-Mendoza with one count of possession of a controlled substance. On March 27, 2007, Garcia-Mendoza pleaded guilty to the crime and agreed to a 110-day sentence and 12 months' community custody. Subsection (r) to the Defendant's Statement said: "If I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

On July 19, 2007, the court accepted Garcia-Mendoza's plea and sentenced him to 110 days in confinement. On October 18, 2018, Garcia-Mendoza moved to withdraw his guilty plea, initially arguing that he was deprived of his Sixth Amendment right to counsel because defense counsel failed to inform him of the immigration consequences of entering a plea of guilty. He acknowledged that his petition was over the one-year time limit of RCW 10.73.090 but argued that Padilla v. Kentucky was a significant change in the law and made his petition timely under RCW 10.73.100(6). At the time he moved to withdraw his guilty plea, Garcia-Mendoza was in deportation proceedings.

On November 15, 2018, the State filed a motion to transfer Garcia-Mendoza's motion for relief from judgment to the Court of Appeals for consideration as a personal restraint petition. It conceded that in light of Padilla, Garcia-Mendoza's claim was not time-barred by RCW 10.73.090. In Garcia-Mendoza's response to the State's motion to transfer, he alleged that he was also entitled to withdraw his conviction because he did not receive adequate advice about the immigration consequences of his conviction as he claims are now

required by RCW 10.40.200. The State argued that Garcia-Mendoza's RCW 10.40.200 claim was time-barred and rendered his entire motion untimely.

On February 22, 2019, the trial court issued an order transferring Garcia-Mendoza's motion to this court. In its transfer order, the trial court found that Garcia-Mendoza's ineffective assistance claim was not subject to the time bar, but it did not address Garcia-Mendoza's second claim.

## ANALYSIS

RCW 10.73.090(1) states that "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." A petitioner, however, may overcome the one-year time bar by demonstrating that all of his claims fall under an exception outlined in RCW 10.93.100, including showing a "significant change in the law, whether substantive or procedural, which is material to the conviction [or] sentence. . . ." RCW 10.73.100(6). Our courts have repeatedly said that "a personal restraint petition is exempt from the one-year time limit of RCW 10.73.090 under RCW 10.73.100 only if *all* asserted grounds for relief in the petition fall within an exception set forth in RCW 10.73.100." In re Pers. Restraint of Hankerson, 149 Wn.2d 695, 699-700, 72 P.3d 703 (2003) (emphasis added); see also In re Pers. Restraint of Stoudmire, 141 Wn.2d 342, 5 P.3d 1240 (2000). If one or more of the grounds asserted falls within an exception but one or more do not, then the petition is a "mixed petition" and must be dismissed. Hankerson, 149 Wn.2d at 700.

In the present case, the State initially conceded that Garcia-Mendoza's ineffective assistance claim was not time-barred. But it argues that Garcia-Mendoza's RCW 10.40.200 claim, which he added later, is time-barred and that Garcia-Mendoza's petition should now be dismissed in its entirety as a mixed petition. Because the State conceded that Garcia-Mendoza's ineffective assistance is not time-barred, we will focus our analysis on Garcia-Mendoza's RCW 10.40.200 claim.

Our courts have held that a significant change in the law under RCW 10.73.100(6) occurs "when an intervening appellate decision overturns a prior appellate decision that was determinative of a material issue." In re Pers. Restraint of Light-Roth, 191 Wn.2d 328, 333, 422 P.3d 444 (2018) (internal quotation marks omitted) (quoting State v. Miller, 185 Wn.2d 111, 114, 371 P.3d 528 (2016)). But "An intervening appellate decision that settles a point of law without overturning prior precedent or simply applies settled law to new facts does not constitute a significant change in the law." Id. at 333-34. "One test to determine whether an appellate decision represents a significant change in the law is whether the defendant could have argued this issue before publication of the decision." In re Pers. Restraint of Stoudmire, 145 Wn.2d 258, 264, 36 P.3d 1005 (2001).

Garcia-Mendoza asserts that he did not receive the statutory advice required by RCW 10.40.200(2). The statute provides in part:

> Prior to acceptance of a plea of guilty to any offense punishable as a crime under state law, . . . the court shall determine that the defendant has been advised of the following potential consequences of conviction for a defendant who is not a citizen of the United States: Deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

A defendant who did not receive this advice is statutorily entitled to withdraw his guilty plea. RCW 10.40.200(2). The statute also states, however, that any defendant signing a guilty plea statement containing the statutory advisement "shall be presumed to have received the required advisement." RCW 10.40.200(2).

Garcia-Mendoza argues that before Padilla, he had no statutory claim to withdraw his plea because he signed a guilty plea statement containing the general deportation warning. He contends, however, that the Washington Supreme Court expanded his statutory right to withdraw a plea to circumstances in which defense counsel failed to provide adequate legal advice on the immigration consequences of a plea. In other words, he contends that his attorney's lack of adequate immigration advice triggered the statute, regardless of whether that representation met the Sixth Amendment test for ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Garcia-Mendoza bases this argument on State v. Sandoval, 171 Wn.2d 163, 249 P.3d 1015 (2011) and In re Personal Restraint of Tsai, 183 Wn.2d 91, 351 P.3d 138 (2015). He contends that these two cases, decided after Padilla, held that the defendant has a statutory right under RCW 10.40.200 to withdraw a plea any time defense counsel failed to adequately inform that defendant of the possible immigration consequences of pleading guilty. We disagree with this reading of Sandoval and Tsai.

In Sandoval, the defendant, a noncitizen permanent resident of the United States, was informed of the immigration consequences of pleading guilty but was

also told by defense counsel that he would have "sufficient time to retain proper immigration counsel to ameliorate any potential immigration consequences of his guilty plea." 171 Wn.2d at 167. Despite defense counsel's assertion otherwise, the United States Customs and Border Protection commenced deportation proceedings against the defendant before his release from jail. Id. at 168.

After the United States Supreme Court issued Padilla, our Supreme Court rejected the State's argument that the statutory warnings required by RCW 10.40.200(2) cured the misinformation provided by defense counsel. Id. at 174 ("Just as Padilla's lawyer incorrectly dismissed the risks of deportation, Sandoval's counsel's categorical assurances nullified the constitutionally required advice about the deportation consequence of pleading guilty."). It further found that the court-provided statutory warnings in RCW 10.40.200 "do not excuse defense attorneys from providing the requisite warnings. Rather, for the Court, these plea-form warnings underscored how critical it is for *counsel* to inform her noncitizen client that he faces a risk of deportation." Id. at 173 (internal quotation marks omitted) (quoting Padilla, 130 U.S. at 1486). The Sandoval court concluded that defense counsel's performance during the plea process was ineffective because it fell below an objective standard of reasonableness and that the defendant was prejudiced by this representation. Id. at 174. The case did not rest on any new interpretation of RCW 10.40.200.

Similarly, in Tsai, two petitioners each argued that their counsel had not informed them of the immigration consequences of pleading guilty and moved to withdraw their pleas in light of Padilla and Sandoval. 183 Wn.2d at 97-98. In

analyzing whether Padilla should apply retroactively on collateral review under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), our Supreme Court stated that RCW 10.40.200 "gives noncitizen defendants the unequivocal right to advice regarding immigration consequences and necessarily imposes a correlative duty on defense counsel to ensure that advice is provided." Tsai, 183 Wn.2d at 101. It held that there is no conceivable tactical or strategic purpose for defense counsel to fail to ensure that the mandatory warnings set out in RCW 10.40.200 are given to a client. Id. at 102. It thus concluded that Padilla was a "garden-variety" application of the Strickland test that "simply refines the scope of defense counsel's constitutional duties as applied to a specific fact pattern." Id. at 103. The court concluded that because Padilla was not a "new rule" under Teague, it applied retroactively to cases on collateral review. Id.

Our Supreme Court went on to hold that Padilla nevertheless effected a significant change in Washington law for purposes of RCW 10.73.100(6). Prior to Padilla, anything short of an affirmative misrepresentation by counsel of the immigration consequences of pleading guilty could not support the plea's withdrawal. Id. at 107. After Padilla, defense counsel's failure to provide any immigration advice could support withdrawal of a plea. Id. As a result of this analysis, the Court determined that one of the two defendants was entitled to an evidentiary hearing on his personal restraint petition to determine if he received effective assistance of counsel when deciding to plead guilty. Id. But the court dismissed the second defendant's petition because he had failed to file a timely

motion to withdraw his guilty plea and failed to appeal the trial court's denial of that motion. Id. at 108.

Again, nothing in Tsai involved a change to our courts' interpretation of RCW 10.40.200. The sole claim was constitutionally ineffective assistance of counsel under Strickland. Tsai did not address whether either defendant had a statutory right to withdraw their pleas. The cases on which Garcia-Mendoza relies do not support his argument that there has been a significant change in the law under RCW 10.40.200.

Garcia-Mendoza's constitutional claim based on Padilla was not time-barred but his second statutory claim based on RCW 10.40.200 is time-barred under RCW 10.73.090. We thus dismiss Garcia-Mendoza's petition as mixed and decline to address the merits of Garcia-Mendoza's ineffective assistance claim.

WE CONCUR:

_____
Andrus, J.

_____

_____
Dwyer, J.